634 So.2d 796 (1994)
Joseph Gregory DESANTIS, Appellant,
v.
Ann SMITH, f/k/a Ann Smith Desantis, Appellee.
No. 93-0358.
District Court of Appeal of Florida, Fourth District.
April 6, 1994.
Rehearing Denied May 9, 1994.
*797 Frank B. Kessler, Lake Worth, for appellant.
No appearance for appellee.
PER CURIAM.
Appellant, Joseph Gregory DeSantis, appeals from an order decreasing his alimony obligation from $600.00 per month to $450.00 per month, requiring that he pay seventy-five percent of his former wife's attorney's fees in an amount left for future determination, and denying his request to make the reduction retroactive to the date of filing the application for reduction.
Retroactivity is the rule rather than the exception which guides the trial court's application of discretion when modification of alimony or child support is granted. However, it is within the trial court's discretion to determine whether to make the modification retroactive, and we find no abuse of discretion on this record. See Bloom v. Bloom, 503 So.2d 932 (Fla. 4th DCA 1987). We therefore affirm the action of the trial court in that regard, but reverse as to the other aspects of the order granting modification.
The evidence shows that appellee, the former wife, has a substantially enhanced net worth, a slight increase in net income, and a slight decrease in monthly expenses. Her overall financial picture is substantially brighter than in 1982, the time of the prior modification. Appellant, on the other hand, while enjoying a modest improvement in net worth, has suffered a substantial reduction in net available income. While his expenses are less than in 1982, he still experiences monthly expenses substantially in excess of his income.
One countervailing factor in our analysis is the fact that an expert testified that under appropriate circumstances appellant could obtain employment that would substantially increase his current income. Appellant, on the other hand, submitted evidence of a reasonable but unsuccessful effort to obtain employment at a salary level commensurate with his education and training.
Based upon the foregoing, we conclude that appellant has shown a substantial change in circumstances warranting a reduction in alimony. See England v. England, 520 So.2d 699 (Fla. 4th DCA 1988). See also Pimm v. Pimm, 601 So.2d 534 (Fla. 1992).
While the trial court reduced appellant's alimony obligation from $600.00 per month to $450.00 per month, the evidence supports and indeed requires a much more substantial reduction. For that reason we reverse and remand for further appropriate proceedings. Similarly, the record does not support an award of attorney's fees for appellee. The parties should be required to bear their own costs and attorney's fees.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
ANSTEAD and HERSEY, JJ., and MAGER, GERALD, Senior Judge, concur.