757 So.2d 607 (2000)
Timothy James MURPHY, Appellant,
v.
Lenora D. RIDGARD f/k/a Lenora Brown, Appellee.
No. 5D99-2747.
District Court of Appeal of Florida, Fifth District.
May 12, 2000.
Gary Shader, Maitland, for Appellant.
Barbara Nolte of Giles & Robinson, P.A., Orlando, for Appellee.
COBB, J.
Timothy Murphy, father, appeals from a final order of modification of final judgment and order denying supplemental petition for modification of visitation. To the extent that these orders summarily deny the father's second amended supplemental petition for modification, we reverse.
The father filed a second amended supplemental petition for modification of final judgment seeking additional child visitation. At a hearing noticed by the mother on two of her pending motions,[1] the trial court very briefly broached the visitation *608 issue, suggesting that each party submit a proposed visitation schedule.
The father presented a visitation schedule but the trial court, in entering the final order of modification struck through the paragraph in the order which would have adopted the schedule. The court then summarily denied the father's supplemental petition by separate order.[2] This order contains the following language:
11. The Respondent/Father has not presented any evidence that there has been a substantial change of circumstances or that increased visitation is in the child's best interests.
The father is correct that his due process rights to notice and an opportunity to be heard were abridged by the summary denial of his petition. Due process principles apply to modification proceedings including child custody and visitation matters. See Wilson v. Roseberry, 669 So.2d 1152 (Fla. 5th DCA 1996); Ackerson v. Murphy, 622 So.2d 154 (Fla. 5th DCA 1993); Shaw v. Shaw, 455 So.2d 1156 (Fla. 5th DCA 1984). In this case, no motion seeking summary adjudication of the father's second amended petition was filed. The matter was not at issue when, following the hearing on the mother's pending motions for injunctive relief and temporary attorney's fees, the trial court summarily denied the father's second amended petition seeking modification. See Gelato v. Basch, 658 So.2d 664 (Fla. 4th DCA 1995)(temporary change of custody violated mother's due process rights where it was ordered at close of hearing which mother had every reason to believe concerned only her motion to allow her fiancé to move into her house with the children, even though father had filed motion for change of residence). The confusion engendered by the procedure employed below is manifested by the trial court's recitation in its order that the father failed to present evidence in support of his petition. The father never had an opportunity to present evidence at a properly noticed hearing.
No suggestion is offered as to the ultimate merits of the father's second amended supplemental petition. Rather, we hold that the father is entitled to procedural due process in the consideration of his petition.
REVERSED AND REMANDED.
W. SHARP and PLEUS, JJ., concur.
NOTES
[1] For injunctive relief and for temporary attorney's fees.
[2] Apparently the final order of modification had been prepared by the father's counsel, the order denying supplemental petition for modification by the mother's counsel.