942 So.2d 924 (2006)
Christina M. CONVILLE, n/k/a Christina Murphy, Appellant,
v.
Michael W. CONVILLE, Appellee.
No. 5D06-2080.
District Court of Appeal of Florida, Fifth District.
November 9, 2006.
*925 Steven J. Guardiano, Daytona Beach, for Appellant.
Timothy M. Goan, of Timothy M. Goan, P.A., Palm Coast, for Appellee.
ORFINGER, J.
The mother, Christina M. Conville, appeals the trial court's post-judgment order, changing primary residential responsibility of the parties' three children to the father, Michael W. Conville. The mother alleges that the trial court erred when it awarded permanent custody to the father at a hearing that was held to consider only the father's request for an emergency modification order. We agree and reverse.
When the mother and father's marriage was dissolved, the final judgment awarded primary residential responsibility of the parties' minor children to the mother. Sometime thereafter, the father filed a petition for modification of primary residential responsibility of the children, alleging a substantial change in circumstances. Specifically, the father alleged that the mother's paramour was an abusive drug user, and that the mother had removed the children from the State of Florida, disrupting both the children's education and the father's visitation.
At the beginning of what was scheduled to be a thirty-minute hearing, the trial court advised the parties that he understood that "we are dealing primarily with an emergency motion to produce the children for visitation." The father's counsel responded "and to change custody or to change primary parent's [sic] responsibility . . . and as an alternative, to deal with visitation." Notwithstanding the apparent temporary, but emergent nature of the relief sought, the trial court entered an order permanently changing primary residential responsibility of the children to the father. The mother contends that given the brevity of the hearing and the agreement of the parties that the father was seeking only emergency relief, it was error to make a permanent change of custody. We agree.
*926 In order to conduct a proper inquiry into the substantial change of circumstances and the best interests of the children, "both parties must generally be given the opportunity for a full hearing where the parties and their witnesses are given an opportunity to testify." Bini v. Bini, 828 So.2d 470, 472-73 (Fla. 5th DCA 2002) (citing Vazquez v. Vazquez, 626 So.2d 318, 319 (Fla. 5th DCA 1993)). Indeed, the failure to afford the parties a full hearing on such issues is a denial of due process.
The trial judge's determination to temporarily change custody of the children is supported by substantial competent evidence. However, as the mother argues, we conclude that another hearing must be conducted to allow the court to conduct a full inquiry into the alleged change of circumstances and the best interests of the children before making a final ruling on the father's motion to permanently change custody. It is clear that the trial court and the parties began the hearing under the belief that it was for the purpose of temporary relief only.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GRIFFIN and THOMPSON, JJ., concur.