963 So.2d 859 (2007)
Peter C. THYRRE, Appellant,
v.
Linda M. THYRRE, Appellee.
No. 2D06-4021.
District Court of Appeal of Florida, Second District.
August 10, 2007.
*861 Sarah M. Chaves and Lorieann M. Cox, St. Petersburg, for Appellant.
Kathy C. George and Carl T. Boake of Law Offices of Boake & George, St. Petersburg, for Appellee.
CANADY, Judge.
The former husband, Peter C. Thyrre, appeals a final judgment on his petition for modification of final judgment of dissolution of marriage. We affirm without discussion the reduced alimony award to the former wife, Linda M. Thyrre, in the final judgment of modification. For the reasons explained below, we reverse the final judgment with respect to retroactivity of the alimony award and with respect to the former husband's request to increase the former wife's child support obligation.

Background
The parties were married in 1986 and had one son in 1988. In 2001, a final judgment of dissolution of marriage was entered, adopting a marital settlement agreement between the parties. The final judgment of dissolution ordered the former husband to pay monthly alimony in the amount of $4000 to the former wife and ordered the former wife to pay monthly child support in the amount of $100 to the former husband. The former husband was designated as the primary residential parent of the parties' son, who has autism and requires full-time care.
On December 30, 2004, the former husband filed a petition for modification, claiming that both the former husband's and the former wife's financial circumstances have substantially changed since entry of the final judgment of dissolution. He requested a reduction in his alimony obligation to the former wife and an increase in the former wife's child support obligation, both retroactive to the date he filed the petition for modification. On October 27, 2005, the trial court entered a written order, finding that "[t]here has been a substantial and material change of circumstances herein as demonstrated by the decrease in the Husband's income." The trial court reduced the former husband's monthly alimony obligation to $3400. The trial court found that "[c]hild support should not be changed due to the fact that independent income of the child includes a trust fund which pays many of his needs including a full-time[,] live[-]in caretaker, along with many of his tuition bills and therapy costs."
On November 1, 2005, the former husband filed a motion for rehearing, arguing that the child's private trust fund should have at the most served to eliminate the former wife's obligation to contribute towards the child's special needs and that the former wife should have been ordered to pay child support based on the guidelines. He also argued that the modifications should have been ordered retroactive to the date of filing. On November 2, 2005, the former wife filed a motion for rehearing, objecting to the reduction in alimony. On August 1, 2006, the trial court denied both parties' motions for rehearing.

Retroactivity of Reduction in Alimony
We first address the issue of retroactivity of the reduction in alimony. The former husband argues that the trial court erred in failing to make the reduction in alimony retroactive to the date he filed the petition for modification. The former wife responds that the trial court properly exercised its discretion in denying the former husband's request for retroactivity.
"A trial court has the discretion to modify alimony effective as of the date of the petition for modification or subsequent thereto. . . ." Ray v. Ray, 707 So.2d *862 358, 360 (Fla. 2d DCA 1998). "Retroactivity is the rule rather than the exception which guides the trial court's application of discretion when modification of alimony or child support is granted." DeSantis v. Smith, 634 So.2d 796, 797 (Fla. 4th DCA 1994). Accordingly, there is a presumption of retroactivity which applies unless there is a basis for determining that the award should not be retroactive. "It is an abuse of discretion . . . to fail to award support from the date of the petition for modification where the" circumstances requiring modification existed at the time that the petition was filed. Anderson v. Anderson, 609 So.2d 87, 89 (Fla. 1st DCA 1992); see Kowal v. Tomlinson, 780 So.2d 172, 173 (Fla. 2d DCA 2001) (holding that trial court abused its discretion in failing to order child support retroactive to the date of filing where there was no evidence that husband was unable to pay the ordered monthly amount during that period of time).
It is true that ordinarily an order granting modification is retroactive to the date the petition is filed. However, the circumstances of the case may dictate otherwise. Where the time lag between petition and order is short, one would not expect any problem in this regard. However, where, as here, there is a substantial period of time intervening . . ., the proof may demonstrate a substantially different condition at the hearing on the petition than that which existed on the date of the filing thereof. These are the things that involve a trial judge's discretion.
Bloom v. Bloom, 503 So.2d 932, 934 (Fla. 4th DCA 1987) (citations omitted).
Here, the former husband's need for a reduction in his alimony obligation existed at the time of the filing of the petition for modification. In addition, the trial court did not state a reason for rejecting the former husband's request for retroactivity, and the record does not indicate that there was a basis for rejecting the request. Cf. Bloom, 503 So.2d at 934 ("The record in the instant case supports the trial court's exercise of discretion in refusing to make the order effective from the filing of the petition."). In light of the presumption of retroactivity, the short time between the filing of the petition for modification and the trial court's reduction in alimony, and the lack of record support for the trial court's rejection of the request for retroactivity, we reverse the final judgment of modification and remand for the trial court to reduce the former husband's alimony obligation retroactive to the date of filing of the petition for modification.

Child Support
The former husband also argues on appeal that the trial court erred in failing to apply the child support guidelines once the trial court found that there was a significant and substantial change in his financial circumstances. He further claims that the trial court erred in deviating from the guidelines on the basis of the child's private trust fund because there was no evidence that the trust fund met all of the child's needs.
We agree that the trial court erred in failing to applying the child support guidelines after it concluded that there had been a substantial change in the former husband's financial circumstances justifying modification. See § 61.13(1)(a), Fla. Stat. (2004) (providing that a court may modify child support when there is a substantial change in circumstances). Section 61.30(1)(a) provides that the child support guidelines in section 61.30 establish the amount of child support the trial court shall order in both initial and modification proceedings. Generally,

*863 [t]he court may order payment of child support in an amount that varies more than five percent from the guideline amount only upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate. See § 61.30(1)(a), Fla. Stat. (1997). When ruling on a petition to modify child support, the statute "require[s] the trial court to consider the appropriate statutory criteria, and to make appropriate findings of fact to support its rulings." State, Dept. of Revenue on Behalf of Young v. Sumblin, 675 So.2d 691, 692 (Fla. 1st DCA 1996).
Fisher v. Fisher, 722 So.2d 243, 245 (Fla. 2d DCA 1998) (alteration in original); see also Cooper v. Cooper, 760 So.2d 1048, 1048 (Fla. 2d DCA 2000) ("In a child support case such as this, a final judgment is deficient `in the absence of explicit factual findings concerning the actual incomes attributable to the Husband and the Wife, the amount and source of any imputed income, the probable and potential earnings level, and the adjustments to income.'" (quoting Segall v. Segall, 708 So.2d 983, 988 (Fla. 4th DCA 1998))). "Where the trial court fails to set forth findings regarding the parties' actual incomes or adjustments to income, an appellate court cannot ascertain whether a child support award is within the guidelines." Levi v. Levi, 780 So.2d 261, 263 (Fla. 3d DCA 2001) (holding in modification of child support appeal that "the trial court erroneously failed to make findings of fact as to the amount of either party's income or the manner in which the court computed its award pursuant to the child support guidelines"). A trial court's denial of a petition to modify child support is reviewed for abuse of discretion. Fredman v. Fredman, 917 So.2d 1038 (Fla. 2d DCA 2006).
Here, the trial court did not apply the criteria in section 61.30 to calculate each party's share of the child support need. However, it is clear from the former husband's accountant's testimony at the modification hearing that the former wife's child support obligation under the guidelines without any deviation would be at least $551 per month. But the trial court deviated from the guidelines on the basis of the child's private trust fund.
Section 61.30(11)(a) allows a court to adjust a child support award or either or both of the parents' share of the award based upon several factors, including "[e]xtraordinary medical, psychological, educational, or dental expenses"; the "[i]ndependent income of the child"; the "age of the child, taking into account the greater need of older children"; "[s]pecial needs, such as costs that may be associated with the disability of a child"; and the "[t]otal available assets of the . . . child." At the hearing, the former husband testified that the child has a private trust fund that was provided for the child by the child's paternal grandparents. However, the former husband did not testify regarding the amount of money in the trust fund or that the trust fund meets all of the child's needs. He testified that the child's trust fund meets the child's needs associated with his autism, such as the child's nanny, counselor, and therapist, but he also indicated that it did not pay for the child's educational expenses. In addition, the former wife did not present evidence that the trust fund sufficiently meets all of the child's needs. Because it is clear that the child has greater needs based on his age and his autism and because there was no evidence that the child's trust fund meets all of his needs, the trial court abused its discretion in deviating from the guidelines on this basis.

Conclusion
We affirm the trial court's reduction of alimony, but we reverse for the trial court *864 to order the reduction retroactive to the date the former husband filed the petition to modify. We reverse the final judgment as it relates to the former wife's child support obligation, and we remand for the trial court to properly consider the statutory criteria under section 61.30 and to make findings to support its rulings.
Affirmed in part; reversed in part; remanded.
STRINGER and KELLY, JJ., Concur.