DAVIS, Judge.
 

 Andrea D. Swor (the Former Wife) challenges the trial court’s final judgment, which granted permanent primary residential custody
 
 [1]
 
 of the parties’ three minor children to G. Michael Swor (the Former Husband). We reverse and remand for further proceedings.
 

 The parties married in 1983 and divorced in 2000. There were six children born of the marriage. As part of the parties’ marital settlement agreement that was incorporated into the final judgment of dissolution, the Former Wife was named the primary residential parent of the parties’ minor children. Subsequently, the parties negotiated a modification of the final judgment with regard to financial issues, which resulted in the trial court entering a “Final Judgment of Modification.”
 

 Apparently unhappy with certain financial aspects of that agreement, the Former Wife then filed a “Motion to Vacate Final Judgment of Modification or, in the Alternative, for Enforcement and Entry of an Order of Contempt,” alleging that the Former Husband was refusing to pay certain school-related costs for one of the couple’s sons as was required by the Final Judgment of Modification. The Former Husband responded by filing a counterpetition, seeking modification of the final judgment of dissolution by abating his alimony obligation and appointing him primary residential parent. In October 2006, before the trial court could address the parties’ pleadings, the Former Husband sought an emergency hearing on the issue of primary residential parent. Following that hearing, at which the Former Wife was not present, the trial court entered an order appointing the Former Husband as the primary residential parent “on a temporary basis.” At that time, the Former Husband also stopped making his monthly alimony payments and filed a second motion to abate that obligation.
 

 The trial court held a two-day hearing in August and October 2007, after which it entered an order (1) denying the Former Husband’s motion to abate alimony, (2) finding the Former Husband in willful contempt for failing to pay court-ordered alimony, (3) directing counsel for the Former Wife to prepare a “Final Judgment for Unpaid Alimony with interest to accrue at the legal rate,” (4) declaring the Former Wife the prevailing party for the purpose of attorney’s fees, and (5) reserving jurisdiction “to determine the fees and costs due to the Former Wife” and “to modify
 
 *792
 
 and enforce this Order and to make additional findings regarding any additional alimony arrearage the Former Husband has incurred since” the hearing took place. That order also stated, “Unless specifically modified by this Order, the provisions of all prior final judgments or orders remain in full force and effect.”
 

 The order did not address in any way the Former Husband’s request in his coun-terpetition to modify the final judgment of dissolution by appointing him primary residential parent. In fact, at the hearing on the motions, when counsel for the Former Husband raised the issue of making the temporary order permanent, the trial court specifically replied, “At this point, we are not going to address that.” When pressed by counsel for the Former Husband for a clarification on whether the temporary order was “going to be permanent with the understanding that mom could, at any time in the future, file a petition trying to modify that,” the court responded, “I won’t say it’s permanent, it’s temporary. It’s in place until further order of the Court or by stipulation of the parties.”
 

 However, on May 20, 2008, the trial court signed a final judgment modifying divorce decree, which stated:
 

 Upon the evidence presented, the Court finds it would be in the best interests of the minor children to change primary custody from the Mother to the Father. The Former Husband shall be primary residential parent of the remaining minor children.... At this juncture, the Court is concerned over the welfare of the children and the Former Wife shall have supervised visitation only.
 

 On appeal, the Former Wife argues that the final judgment is erroneous on its face because it does not contain certain required findings of fact and that she was denied due process because the trial court ruled on the custody issue after refusing to address it at the hearing below. We agree with both arguments.
 

 A final divorce decree providing for the custody of a child can be materially modified only if (1) there are facts concerning the welfare of the child that the court did not know at the time the decree was entered, or (2) there has been a change in circumstances shown to have arisen since the decree.
 

 Wade v. Hirschman,
 
 903 So.2d 928, 932 (Fla.2005).
 

 The trial court’s order here contained no such findings. In fact, the parties never presented evidence regarding the issue of primary residential parent once the trial court made it clear that the temporary order would remain in place and that “we are not going to address” making it permanent. The Former Husband argues
 
 on
 
 appeal that it was not necessary for the trial court to make the required findings because the Former Wife conceded the issue when her counsel stated at the hearing below that “the mother obviously cannot challenge the temporary custody at this time.” However, when read in context, it is clear that the Former Wife’s position below was that the temporary order should remain in place until the court had the opportunity to address the alimony issue. During the exchange, counsel for the Former Wife noted that the reason she could not challenge the temporary order at that time was because “[t]he father ceased all alimony without a court order last October, so she doesn’t have the funds to maintain herself or her house.”
 

 Because the record does not support the Former Husband’s contention that the Former Wife conceded the issue of making permanent the temporary designation of the Former Husband as primary residential parent, it was error for the trial court
 
 *793
 
 to modify that portion of the final judgment of dissolution without fully litigating the issue and making the required findings.
 
 See Conville v. Conville,
 
 942 So.2d 924, 926 (Fla. 5th DCA 2006) (“In order to conduct a proper inquiry into the substantial change of circumstances and the best interests of the children, both parties must generally be given the opportunity for a full hearing where the parties and their witnesses are given an opportunity to testify. Indeed, the failure to [do so] is a denial of due process.” (internal citation and quotation marks omitted)). We therefore reverse the trial court’s final judgment and remand for further proceedings.
 
 [2]
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and SILBERMAN, J., Concur.
 

 [1]
 

 . Although the issue actually before the trial court was the modification of the portion of the final judgment of dissolution which designated the primary residential parent, the parties' appellate briefs and the trial court’s final judgment refer to "custody” of the minor children.
 

 [2]
 

 . Because we are reversing the final judgment on this basis, we need not address the other issues raised on appeal by the Former Wife.