ROTHENBERG, J.
 

 Jorge Acosta, the former husband, appeals from an order entered upon his verified petition to extinguish/modify his obligation to pay permanent periodic alimony to his former wife, Olga Margarita Acosta Renta, and on the former wife’s motion for contempt. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 

 I. FACTUAL AND PROCEDURAL BACKGROUND
 

 On February 12, 2009, the former husband filed a verified petition seeking to reduce the amount of monthly permanent periodic alimony he is obligated to pay the former wife from $2800 to $0, retroactive to the date of filing. In support of his motion, he asserted that when the final judgment of dissolution of marriage was entered in January 2007, he was earning $110,000 per year. Since then, however, there had been a substantial, involuntary, and permanent change in his finances because he was laid off on January 1, 2009,
 
 *1225
 
 and as a result, he is financially incapable of paying any alimony to the former wife.
 

 While the former husband’s petition was pending, he did not make any alimony payments to the former wife. On June 1, 2009, the former wife filed a motion for contempt based on the former husband’s failure to pay his alimony obligations for the months of February 2009 through May 2009, asserting he had the ability to pay alimony during those months.
 

 At the hearing on the former husband’s petition for modification and the former wife’s motion for contempt, which was conducted in February 2010, the parties introduced updated financial affidavits. These affidavits reflect the parties were basically in the same unfortunate financial position at the time of the hearing — their monthly net expenses exceeded their monthly net income by approximately $2000;
 
 [1]
 
 their liabilities exceeded their assets; they did not have significant sums of cash;
 
 [2]
 
 and they had relatively small retirement accounts.
 
 [3]
 

 The evidence also showed that in early 2009, the former husband received a $27,700 separation bonus and other earnings from the company that laid him off, totaling $34,472.27, but netted $17,003.11 after taxes and the repayment of a $12,000 advance. He used these funds to pay his expenses for January through March 2009, and he withdrew funds from his IRA to pay his expenses for April and May 2009. The former husband also grossed an additional $30,000 throughout 2009 doing odd jobs.
 

 On June 3, 2010, the trial court entered an order addressing both the former husband’s petition for modification and the former wife’s motion for contempt. The trial court granted the former husband’s petition to modify, finding he met his burden of proof by establishing a substantial change in circumstances that was not contemplated at the time the final judgment of dissolution of marriage was entered, and was sufficient, material, permanent, and involuntary. The trial court reduced the former husband’s alimony obligation to $1 per month, which is to be adjusted when the former husband finds gainful employment. Further, the trial court ordered the former husband to “present proof each and every month as to the income that he has earned, as well as a record of all efforts to find employment.” Although the trial court failed to specifically state the effective date of the modification, based on the trial court’s ruling on the former wife’s motion for contempt, the modification was not retroactively applied to the date the former husband filed his petition, and instead, the modification became effective as of June 2009.
 

 The trial court granted the former wife’s motion for contempt, finding the former husband willfully violated the final judgment of dissolution of marriage by failing to pay his alimony obligations for the months of February 2009 through May
 
 *1226
 
 2009, because he “had the financial ability to pay the Court Ordered permanent periodic alimony of $2,800.00, well into 2009, but made the conscious decision not to do so.” The trial court ordered the former husband to transfer $11,200 from his IRA to the former wife to satisfy the alimony arrearage.
 

 Lastly, the trial court found the former wife was entitled to an award of reasonable attorney’s fees and costs, payable directly to her counsel in the amount of $8,810.03 from the former husband’s IRA, on the basis that counsel’s services were “due solely to the Former Husband’s willful failure to comply with the terms of the Final Judgment.” The former husband’s appeal followed.
 

 II. ISSUES
 

 The following issues raised by the former husband merit discussion: (1) whether the trial court abused its discretion in failing to retroactively apply the alimony modification to the date the former husband filed his petition for modification where the trial court found he satisfied his burden of proof; (2) whether the trial court erred by finding the former husband in contempt for failing to pay the court-ordered alimony for the first four months after he filed his petition for modification, based on finding that the former husband had the ability to pay; and (3) whether the trial court abused its discretion by ordering the former husband to pay the former wife’s attorney’s fees and costs. As the issues pertaining to the effective date of the modification and the finding of contempt are interrelated, we will address these issues together.
 

 III. ANALYSIS
 

 A. Effective date of modification and finding of contempt
 

 In granting a modification of alimony, the trial court has the discretion to grant modification effective from the date the petition was filed or any date subsequent thereto,
 
 Ray v. Ray,
 
 707 So.2d 358, 360 (Fla. 2d DCA 1998) (“A trial court has the discretion to modify alimony effective as of the date of the petition for modification or subsequent thereto .... ”), as long as the effective date is not subsequent to the date of the order,
 
 Keel v. Keel,
 
 597 So.2d 433, 435 (Fla. 1st DCA 1992) (holding that the “portion of the order that sets the effective date of the reduced alimony payments subsequent to the date of the order is in error”). Although the general rule is that an order granting a modification of alimony should be made retroactive to the date the petition for modification was filed, it is within the trial court’s discretion to determine whether the modification should be retroactive to that date.
 
 See Thyrre v. Thyrre,
 
 963 So.2d 859, 862 (Fla. 2d DCA 2007) (holding that as to the modification of alimony, “there is a presumption of retroactivity which applies unless there is a basis for determining that the award should not be retroactive”);
 
 DeSantis v. Smith,
 
 634 So.2d 796, 797 (Fla. 4th DCA 1994) (“Retroactivity is the rule rather than the exception which guides the trial court’s application of discretion when modification of alimony or child support is granted. However, it is within the trial court’s discretion to determine whether to make the modification retroactive.... ”);
 
 Bloom v. Bloom,
 
 503 So.2d 932, 934 (Fla. 4th DCA 1987) (holding that while the general rule is that “an order granting modification is retroactive to the date the petition is filed, ... the circumstances of the case may dictate otherwise”). However, a trial court abuses its discretion by failing to grant the modification retroactive to the date the petition was filed if the “circumstances requiring modification existed at the time that the petition was filed.”
 
 Thyrre,
 
 963 So.2d at 862.
 

 
 *1227
 
 In the instant case, the order before this Court reflects the trial court’s effort to tailor a solution for the parties’ unfortunate situation—the former husband’s loss of employment and the former ■wife’s continued need for spousal support. The trial court’s effort was further complicated because the hearing on the former husband’s petition for modification and the former wife’s motion for contempt occurred more than a year after the former husband filed his petition seeking modification. As one could expect, the former husband’s financial situation deteriorated as there was no steady stream of income. For example, in February 2009, the former husband had a significant portion of the $17,000 he netted from his ex-employer in January 2009, and he was able to use those funds to meet his financial obligations through March 2009. On the other hand, at the time of the hearing in February 2010, the former husband’s savings had decreased despite his attempts to reduce his living expenses, including moving out of his apartment and into his parents’ home. The record reflects that the value of his IRA significantly decreased from $42,000 in February 2009, to $26,000 in February 2010.
 

 The trial court’s order, however, sheds no light as to the basis it relied on in failing to retroactively apply the alimony modification to the date the former husband filed his petition for modification, and instead, set the effective date of modification four months after the former husband filed his petition for modification. Specifically, in ordering the former husband to pay the pre-modification monthly alimony payments of $2800 for the months of February through May 2009, it appears the trial court made a determination that, although the former husband was entitled to a modification, he had the ability to make the previously ordered payments during those four months. The order, however, does not specify whether that determination was based on the former husband’s available funds during the four-month period or his income and available funds at the time of the February 2010 hearing.
 

 Rather than addressing why the presumption of retroactivity was overcome for the months of February through May of 2009, although the former husband’s employment status was the same from January 2009 through the date of the hearing one year later, the trial court based its arrearage award of $11,200 on a determination of contempt. While we conclude the record supports a finding of contempt, in that the former husband did not request a temporary reduction or abatement of his support obligation, and instead made no payments after filing his petition for modification when he clearly had the ability to contribute some degree of support to his former wife, we do not find the record supports a finding that the former husband, who had a substantial reduction to his income, had the ability to pay the full $2800 payments during those four months.
 

 Accordingly, we reverse the portion of the order requiring the former husband to pay $11,200 to the former wife in alimony arrearages, and remand for a determination as to the amount of alimony the former husband had the ability to pay during those four months. On remand, although it is clear the former wife had a continued need for spousal support during those four months, the trial court is reminded to take into account the former husband’s ability to also provide for himself.
 

 B. Award of attorney’s fees to the former wife
 

 The trial court’s order reflects the former husband was ordered to pay the former wife’s attorney’s fees because her counsel’s services were “occasioned solely”
 
 *1228
 
 by the former husband’s willful violation of the final judgment of dissolution of marriage. Therefore, the attorney’s fees award was based on the former wife’s filing of her motion for contempt, not on the former husband’s filing of his well-taken petition to modify, or on the former wife’s needs and the former husband’s ability to pay.
 

 As stated earlier, the former husband filed his petition for modification on February 12, 2009, and the former wife filed her motion for contempt on June 1, 2009. A review of the former wife’s counsel’s billing statement indicates that a significant portion of his services were completed prior to the time he drafted the former wife’s motion for contempt, and, therefore, could not have been “occasioned solely” due to the filing of the motion for contempt. Further, as to the former wife’s counsel’s services occasioned after the filing of the motion for contempt, the billing statement indicates he spent significant time on matters pertaining, to, or intertwined with, the former husband’s well-taken petition for modification. Therefore, we reverse the portion of the order directing the former husband to pay $8,810.03 to the former wife’s counsel, and remand for a determination as to the amount of attorney’s fees incurred
 
 solely
 
 for the prosecution of the former wife’s motion for contempt.
 

 IV CONCLUSION
 

 For the reasons stated above, we reverse the portion of the order under review requiring the former husband to pay alimony arrearages of $11,200 to the former wife, and remand for a determination as to the amount of alimony the former husband had the ability to pay during the months of February 2009 through May 2009, and for the entry of an order that states the basis for the ruling. We also reverse the portion of the order requiring the former husband to pay the former wife’s attorney’s fees and costs in the amount of $8,810.03, and remand for a determination as to the amount of attorney’s fees and costs incurred solely for the prosecution of the former wife’s motion for contempt. We affirm the remaining portions of the order under review.
 

 Affirmed in part, reversed in part, and remanded with directions.
 

 [1]
 

 . The financial affidavit the former husband filed with his petition for modification reflects mortgage/rent payment of $1425, plus utilities. However, the former husband made significant efforts to reduce his monthly expenses by moving in with friends and then his parents, thereby eliminating housing expenses.
 

 [2]
 

 . The updated financial affidavits reflect the former husband had approximately $3000 in cash, while the former wife had $74.
 

 [3]
 

 .The financial affidavit the former husband filed with his petition for modification reflects his IRA was valued at approximately $42,000, whereas his updated financial reflects a value of $26,000. On the other hand, the former wife’s financial affidavits executed on April 9, 2009 and August 6, 2009, do not reflect that she had a retirement plan. However, the former wife's updated affidavit executed on February 22, 2010, reflects a retirement plan valued at over $17,000.