NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TRACY SUE GURDIAN,                          )
                                            )
              Appellant,                    )
                                            )
v.                                          )          Case No.  2D14-4077
                                            )
ROBERT J. GURDIAN,                          )
                                            )
              Appellee.                     )
_____)

Opinion filed November 13, 2015.

Appeal from the Circuit Court for Collier
County; Ramiro Mañalich, Judge.

Tracy Sue Gurdian, pro se.

Robert J. Gurdian, pro se.


WALLACE, Judge.

          Tracy Sue Gurdian (the Former Wife) appeals a Supplemental Final

Judgment to Modify Child Support and Alimony, which granted a Supplemental Petition

to Modify Child Support and Alimony filed by Robert J. Gurdian (the Former Husband)

and denied the Former Wife's request to hold the Former Husband in contempt for

failing to pay his support obligations.  The Former Wife argues, in part, that the trial

court erred in modifying the Former Husband's child support and alimony obligations

retroactively to the date he filed the petition for modification and in awarding the Former Husband a judgment against the Former Wife in the amount of $58,468.70 based upon his overpayment of past support. Based on the unusual circumstances present in this case, we agree. Accordingly, we reverse the supplemental final judgment to the extent that it modifies the Former Husband's child support and alimony obligations retroactively and awards the Former Husband a judgment against the Former Wife in the amount of $58,468.70. We reject the Former Wife's additional arguments without further discussion, and we affirm the supplemental final judgment in all other respects.

## I. THE FACTUAL AND PROCEDURAL BACKGROUND

On April 8, 2009, the trial court entered a final judgment of dissolution of marriage, dissolving the parties' five-year marriage in accordance with the terms of a marital settlement agreement (the MSA) executed by the parties. Under the MSA, the Former Husband was to pay $1353 in child support and $3750 in permanent alimony each month. In pertinent part, the Former Husband's obligation to pay the Former Wife alimony was only modifiable under the following conditions:

> (1) the Husband's gross income . . . reduces to an amount in which Three Thousand Seven Hundred Fifty Dollars ($3,750.00) is equal to or greater than Seventy Percent (70%) of the his [sic] income . . .or (2) the Wife earns income . . . equal to or greater than Fifty Thousand Dollars ($50,000.00) per year.

According to the MSA, the foregoing support amounts were based upon the Former Husband's gross income of $10,683.33 a month.

On August 5, 2011, the Former Husband filed his supplemental petition to modify child support and alimony under the terms of the MSA. He argued that he had

- 2 -

become unemployed on July 7, 2011, which warranted a reduction or termination of alimony and a modification of his child support obligation.

Following an evidentiary hearing held December 12, 2012, the trial court found that the Former Husband had been terminated from his employment of twenty-seven years with a construction company when he became a whistleblower. Thereafter, the Former Husband became involuntarily unemployed for several months, during which time he used his severance settlement from the construction company to pay his reasonable living expenses, debts, and most of his support obligations to the Former Wife through November 2012. The trial court found that "[t]he Former Husband exhausted all or most of his severance pay in meeting his obligations, including his spousal and child support obligations to the Former Wife."[1]

Although not addressed in the supplemental final judgment, the Former Husband testified, and the Former Wife does not dispute, that part of the Former Husband's severance package from the construction company included $250,000 in future lost wages.[2] According to an excerpt of the Former Husband's testimony at the

---

[1]Although the record includes an excerpt of the Former Husband's testimony at the December 12, 2012, final hearing, it does not include the transcript of the final hearing on the Former Husband's petition to modify alimony and child support. Thus the Former Wife cannot establish that any of the trial court's factual findings in its supplemental final judgment are not supported by competent substantial evidence. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court [cannot] properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory.").

[2]The Former Husband testified that his total severance settlement with the construction company was $333,015 after paying his attorney's fees. The amount in excess of the $250,000 in future lost wages included reimbursement to the Former Husband for his "share in the real estate partnership and [payments on] a company . . . loan [that he] had made to the company," which had been distributed to the Former

- 3 -

final hearing, this amount was to compensate him for future lost wages subsequent to July 2011.

The trial court found that the Former Husband has obtained new employment, earning $64,000 per year with a gross income of $5333 per month. Based upon this finding, the trial court calculated the Former Husband's child support obligation to be $698.65 per month under the child support guidelines. Thus the trial court reduced the Former Husband's child support obligation to $698.65 per month retroactive to August 5, 2011, the date that he filed the supplemental petition.

The trial court further found that the Former Husband had continued to make child support payments of $1353 per month, the established rate under the MSA, from September 2011 through September 2012 (thirteen months), for a total of $17,589.00 in child support. Under the new child support obligation in the amount of $698.65 per month, the trial court found that the Former Husband should have paid $15,370.30 during the period between September 2011 and June 2013 (twenty-two months), resulting in an overpayment in the amount of $2218.70.[3]

After concluding that a reduction in the Former Husband's alimony obligation was appropriate under the MSA, the trial court considered the Former Husband's net monthly income in determining an appropriate amount. The trial court found that after subtracting the Former Husband's child support obligation and his

---

Husband "in [his] equitable distribution at the time of [the parties'] divorce." In addition, the Former Husband stated that he paid a $75,000 tax debt from the $333,015 settlement amount that he received.

[3]The trial court apparently calculated the Former Husband's new child support obligation to a date nearer to the date of its entry of the supplemental final judgment, which was September 8, 2013.

monthly living expenses, the Former Husband was left with a monthly deficit of $858.65. Accordingly, it concluded that the Former Husband's alimony obligation should be reduced to $1.00 per year, retroactive to August 5, 2011, the date that the Former Husband had filed his supplemental petition.[4]

The trial court further found that the Former Husband had continued to pay the Former Wife alimony in the amount of $3750 per month under the MSA from September 2011 through November 2012 (fifteen months), for a total of $56,250 in alimony during that period. Because the trial court had awarded the Former Wife alimony in the amount of $1.00 per year retroactive to August 5, 2011, the trial court concluded that the Former Husband had overpaid the Former Wife $56,250 in alimony.[5]

Based upon the above-calculated overpayments for child support and alimony, the trial court awarded the Former Husband a judgment against the Former Wife in the amount of $58,468.70. In the supplemental final judgment, the trial court permitted the Former Husband to use the judgment amount "as a credit against all future alimony and child support and other monies the Former Husband may owe the Former Wife until such time as the judgment is satisfied or the credit is exhausted." The result is that the Former Husband is not presently paying any child support or alimony to the Former Wife.

---

[4]Although the Former Wife's attorney did not agree with the trial court's findings concerning the Former Husband's income, both attorneys agreed that the trial court should award a nominal amount of alimony to the Former Wife rather than eliminating alimony altogether, so as to preserve the Former Wife's ability to seek an increase in alimony should the Former Husband's financial circumstances change.

[5]Apparently, the trial court did not deduct the Former Wife's entitlement to $1 in 2012 and 2013 in determining the overpayment amount.

## II. DISCUSSION

We review the trial court's decision to apply the modification to child support and alimony retroactively for abuse of discretion. "A trial court has the discretion to modify alimony effective as of the date of the petition for modification or subsequent thereto." Ray v. Ray, 707 So. 2d 358, 360 (Fla. 2d DCA 1998); see also Thyrre v. Thyrre, 963 So. 2d 859, 861-62 (Fla. 2d DCA 2007) (quoting Ray in support of same). "Retroactivity is the rule rather than the exception which guides the trial court's application of discretion when modification of alimony or child support is granted." DeSantis v. Smith, 634 So. 2d 796, 797 (Fla. 4th DCA 1994); see also Thyrre, 963 So. at 862 (quoting DeSantis in support of same). "Accordingly, there is a presumption of retroactivity which applies unless there is a basis for determining that the award should not be retroactive." Thyrre, 963 So. 2d at 862.

"However, the circumstances of the case may dictate otherwise. . . . [T]he proof may demonstrate a substantially different condition at the hearing on the petition than that which existed on the date of the filing thereof. These are the things that involve a trial judge's discretion." Bloom v. Bloom, 503 So. 2d 932, 934 (Fla. 4th DCA 1987); see also Thyrre, 963 So. 2d at 862 (quoting Bloom in support of same).

We conclude that the trial court abused its discretion in modifying the Former Husband's child support and alimony obligations retroactive to the date of the petition. When the Husband filed his supplemental petition to modify child support and alimony, he was unemployed and the amount of any settlement with his former employer for his severance from the company was an unknown quantity. But the Former Husband entered into a settlement with his former employer just a few days

after filing the petition, which included $250,000 in future lost wages. The trial court found that "[t]he Former Husband exhausted all or most of his severance pay in meeting his obligations, including his spousal and child support obligations to the Former Wife." In fact, he was able to pay his child support obligation under the MSA through September 2012 and his alimony obligation under the MSA through November 2012. Accordingly, during the sixteen-month period between the filing of the supplemental petition and the final hearing, the Former Husband was able to meet almost all of his support obligations under the MSA by using the settlement funds from his former employer, which included a wage component.

The Former Husband properly used the $250,000 in future lost wages to pay his expenses and support obligations under the MSA. Wages and salary are specifically included in the definition of "income" under section 61.046(8), Florida Statutes (2011), and should be considered in determining child support and alimony obligations. Fitzgerald v. Fitzgerald, 912 So. 2d 363, 366-67 (Fla. 2d DCA 2005). Moreover, in the context of a dissolution proceeding, the Florida Supreme Court has held that damages awarded "for future loss of wages [on a worker's compensation claim] may be taken into account in determining alimony and support awards." Weisfeld v. Weisfeld, 545 So. 2d 1341, 1346 (Fla. 1989); see also White v. White, 820 So. 2d 432, 434 (Fla. 4th DCA 2002) (citing Weisfeld in support of same).

The Former Husband's severance settlement was sufficient to cover his expenses and support obligations under the MSA during the period that the supplemental petition was pending, and the wage component of that settlement greatly exceeded his income at the time of the final hearing. Thus the trial court's retroactive

application of the modification of child support and alimony based upon his income at the time of the final hearing resulted in the Former Husband receiving a credit for overpayment of child support and alimony during a period in which his income was sufficient to support those payments. The retroactive application of the modification also leads to the imposition of a great hardship on the Former Wife and the parties' children, who are not presently receiving any support because of the trial court's entry of a judgment in the amount of $58,468.70 for the overpayment credit against the Former Wife. Thus retroactive application of the modification of the child support and alimony awards amounted to an abuse of discretion under the circumstances of this case.

## III. CONCLUSION

For the foregoing reasons, we reverse the supplemental final judgment to the extent that it applies the modification of child support and alimony retroactively to the date of the petition and awards a judgment in the amount of $58,468.70 in favor of the Former Husband and against the Former Wife. On remand, the trial court is authorized to establish a schedule for the Former Husband to bring current his child support and alimony obligations to the Former Wife. If necessary, the trial court may take such additional evidence as may be necessary to establish such a schedule.

Affirmed in part, reversed in part, and remanded.


CASANUEVA and KHOUZAM, JJ., Concur.