Joelle SAWAYA, Appellant,

v.

Morris Kent THOMPSON, Appellee.

No. 4D15–841.

District Court of Appeal of Florida, Fourth District.

Nov. 30, 2016.

Joelle Sawaya, Hypoluxo, pro se.

No brief filed for appellee.

FORST, J.

Appellant Joelle Sawaya, the former wife, appeals the trial court's summary denial of Appellant's Petition to Modify Final Judgment of Dissolution of Marriage, as well as the summary denial of Appellant's Motion in Limine and Motion to Enjoin. By failing to hold an evidentiary hearing on the petition and motions, the trial court violated Appellant's due process rights. Accordingly, we reverse and remand for an evidentiary hearing.

## Background

On January 27, 2015, Appellant and Appellee Morris Kent Thompson, the former husband, attended a status conference hearing. At the status hearing, Appellant requested an evidentiary hearing regarding her Petition to Modify. Appellant wished to prove a substantial change in circumstances justifying modification of the Final Judgment of Dissolution of Marriage, specifically her desire for supervision during her and Appellee's exchanging of their child.

Though not addressed at the status hearing, Appellant alleged in her Motion in Limine that "[Appellee] has made several statements, comments, and/or references of alleged criminal actions by [Appellant] . . ., to wit: International Parental Abduction, and others." Appellant sought to prohibit Appellee from making further unfounded statements. As for the Motion to Enjoin, Appellant claimed that Appellee "has filed several frivolous, harassive and irrelevant/immaterial pleadings . . . by alleging false acts of misconduct, with no documentation, or evidence to support his claims." Appellant also sought to prohibit

Appellee from making further similar statements.

The trial court issued an order summarily denying the Petition to Modify, and all of Appellant's and Appellee's outstanding motions. Appellant subsequently filed a Motion for Reconsideration of the order. Another judge was assigned to the case and held a hearing on the order. At the hearing, the trial court expressly granted the Motion for Reconsideration; however, the trial court later denied the motion. Several months later, the trial court entered a new order, quashing the earlier order on the Motion for Reconsideration for lack of jurisdiction.

## Analysis

Appellant argues that she was denied procedural due process. This Court reviews claims of this nature de novo. *Vaught v. Vaught,* 189 So.3d 332, 334 (Fla. 4th DCA 2016).

■ There was a denial of procedural due process in the instant case because the trial court summarily denied Appellant's petition without holding an evidentiary hearing.[1] Such a summary denial violates a petitioner's right to be heard. *Murphy v. Ridgard,* 757 So.2d 607, 608 (Fla. 5th DCA 2000). The Fifth District Court of Appeal explained, "[t]he father is correct that his due process rights to notice and an opportunity to be heard were abridged by the summary denial of his petition [to modify final judgment of dissolution of marriage]." *Id.; cf. Swor v. Swor,* 22 So.3d 790, 792–93 (Fla. 2d DCA 2009) (holding that it was error to grant a peti-

---

1. The trial court, on multiple occasions, appears to have recognized the due process violation that resulted here. Initially, the first judge that handled this case said on two occasions that Appellant would have a hearing. Later, the second judge recognized the same, and even advised the parties at a hearing on Appellant's Motion for Reconsideration about a possible basis for appealing the order: "You know we have a concept called due process, you probably heard of it."

tion to modify a final judgment of dissolution without an evidentiary hearing).

The trial court also committed reversible error when it summarily denied Appellant's two motions. First, Appellant was entitled to an evidentiary hearing on her Motion in Limine to resolve whether Appellee did in fact allege that Appellant committed crimes, and, if so, whether Appellant committed the crimes. As this Court explained in *Sperdute v. Household Realty Corp.*, 585 So.2d 1168 (Fla. 4th DCA 1991), "the purpose of an evidentiary hearing is to allow a party to 'have a fair opportunity to contest' the factual issues.... [I]t is reversible error for a trial court to deny a party an evidentiary hearing to which he is entitled." *Id.* at 1169 (quoting *Malzahn v. Malzahn*, 541 So.2d 1359, 1360 (Fla. 4th DCA 1989)).

Second, Appellant also merited an evidentiary hearing on her Motion to Enjoin. In the motion, Appellant argued that Appellee filed sham pleadings, and should be estopped from filing more. A sham pleading is one that is "palpably or inherently false, and from the plain or conceded facts in the case, must have been known to the party interposing it to be untrue." *Rhea v. Hackney*, 117 Fla. 62, 157 So. 190, 193 (1934). Pursuant to Florida Rule of Civil Procedure 1.150, a court must conduct an evidentiary hearing to determine if a pleading is a sham.[2] The Third District Court of Appeal explained, "[t]o strike a pleading as a sham ... the trial court must conduct an evidentiary hearing. The purpose of the hearing is to determine whether there are any genuine issues to be tried." *Pacheco v. Wasserman*, 701 So.2d

104, 106 (Fla. 3d DCA 1997) (citation omitted).

### Conclusion

The trial court violated Appellant's due process rights when it denied her the opportunity to present evidence of a substantial change in circumstances possibly meriting modification of the Final Judgment of Dissolution of Marriage. Furthermore, Appellant was entitled to an evidentiary hearing on her Motion in Limine and Motion to Enjoin to resolve disputes of fact. Because the trial court erred in summarily denying Appellant's petition and two motions, we reverse and remand for evidentiary hearings on each.[3]

*Reversed and remanded.*

TAYLOR and KLINGENSMITH, JJ., concur.

---

2. The rule states: "If a party deems any pleading ... to be a sham, that party may move to strike the pleading ... and the court shall hear the motion, *taking evidence of the respective parties,* and if the motion is sustained, the pleading to which the motion is directed shall be stricken." Fla. R. Civ. P. 1.150(a) (emphasis added).

3. It is of course within the trial court's discretion in controlling its docket whether these hearings are separate or consolidated.