IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

HOLLI POE DENNIS, FORMER
WIFE,

       Appellant,

v.

MICHAEL DENNIS, FORMER
HUSBAND,

       Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3929

Opinion filed August 7, 2017.

An appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

Ross A. Keene of Ross Keene Law, P.A., Pensacola, for Appellant.

Stephen A. Pitre of Clark Partington, Pensacola; and Trevor A. Thompson of Clark Partington, Tallahassee, for Appellee.

PER CURIAM.

      Former Wife, Holli Poe Dennis, appeals a final order terminating her entitlement to alimony, arguing that the trial court failed to support its decision with adequate factual findings. We affirm without discussion the termination of the alimony obligation.

Former Husband, Michael Dennis, cross-appeals the final order, arguing that the trial court should have retroactively applied the termination of his obligation to pay alimony. A trial court has the discretion to modify alimony effective from the date the petition for modification was filed or any date subsequent to the filing of the petition. Acosta v. Renta, 84 So. 3d 1223, 1226 (Fla. 3d DCA 2012). "Retroactivity is the rule rather than the exception which guides the trial court's application of discretion when modification of alimony or child support is granted." DeSantis v. Smith, 634 So. 2d 796, 797 (Fla. 4th DCA 1994). "Accordingly, there is a presumption of retroactivity which applies unless there is a basis for determining that the award should not be retroactive." Thyrre v. Thyrre, 963 So. 2d 859, 862 (Fla. 2d DCA 2007).

Here, Former Wife's need for alimony ceased when she began receiving payments from Former Husband's military pension. The trial court presented no reason for denying the request for retroactive application, and the record does not provide a basis to support the court's denial of the request. Thus, the trial court abused its discretion by failing to make the termination of alimony retroactive to the date Former Wife began receiving a portion of Former Husband's military benefits.

We affirm the trial court's termination of alimony, but we reverse for the trial court to order the reduction retroactive to the date Former Wife began receiving payments from Former Husband's pension.

AFFIRMED in part; REVERSED in part; and REMANDED.

WOLF, ROWE, and KELSEY, JJ., CONCUR.