DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JASON NUTTLE,**
Appellant,

v.

**CHRISTINE NUTTLE,**
Appellee.

No. 4D18-391

[November 14, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kathleen J. Kroll, Judge; L.T. Case No. 50-2015-DR-001078-XXXX-NB.

Christopher R. Bruce and Charles J. Thompson of Bruce Law Firm, P.A., West Palm Beach, for appellant.

Carl J. Domino of the Law Offices of Carl Domino, PLLC, Jupiter, for appellee.

PER CURIAM.

Jason Nuttle ("husband") appeals a final judgment modifying his alimony obligation to Christine Nuttle ("wife"). The husband raises six issues: that the trial court (1) made insufficient findings as to the need and ability to pay alimony, (2) improperly imputed income, (3) failed to make its modification of alimony retroactive to the date of the original modification petition, (4) improperly increased alimony for the eighth year contrary to the settlement agreement, (5) made improper findings in the order denying the wife's motion for contempt, and (6) failed to properly determine income for purposes of child support. As to issue three, we reverse and remand for the trial court to make the modification of alimony retroactive to the date the husband's employment was terminated. As to issue five, we remand for the trial court to strike a scrivener's error. We affirm all other issues without discussion.

On November 6, 2015, the parties entered into a settlement agreement pursuant to which the husband agreed to pay durational alimony in the amount of $2,750 per month for years one and two, $2,500 per month for

years three through five, $2,250 per month for years six and seven, and $1,000 per month for year eight. Before the trial court signed the final judgment of dissolution of marriage, the husband filed a supplemental petition for modification of support on January 15, 2016, stating that he received notice that his employment would be terminated effective January 31, 2016. On October 26, 2016, the trial court signed a final judgment of dissolution of marriage nunc pro tunc to November 6, 2015, which was the date of the settlement agreement. The trial court accepted the terms of the settlement agreement and reserved jurisdiction on the husband's motion for modification. On November 28, 2016, the husband filed an amended supplemental petition for modification of support, reasserting the allegations in his earlier petition.

During a hearing on the modification motion, the husband testified that when he entered the settlement agreement, he did not know he was going to lose his job as a staff photographer. Since losing his job, he has continued working at his own independent photography business. Both parties presented evidence as to their past and current income. The trial court ultimately reduced the husband's alimony obligation to $2,000 per month retroactive to November 28, 2016, the date of the amended supplemental petition for modification.

A trial court's decision whether to make modification retroactive is reviewed for abuse of discretion. *DeSantis v. Smith*, 634 So. 2d 796, 797 (Fla. 4th DCA 1994). "Retroactivity is the rule rather than the exception which guides the trial court's application of discretion when modification of alimony or child support is granted." *Id.*

Under Florida law,

> the court may modify an order of . . . alimony by increasing or decreasing the . . . alimony retroactively to the date of the filing of the action or supplemental action for modification as equity requires, giving due regard to the changed circumstances or the financial ability of the parties . . . .

§ 61.14(1)(a), Fla. Stat. (2016).

In *Thyrre v. Thyrre*, 963 So. 2d 859, 862 (Fla. 2d DCA 2007), the trial court granted the husband's petition for modification. The Second District reversed the denial of his request for retroactivity, reasoning:

> [T]he former husband's need for a reduction in his alimony
> obligation existed at the time of the filing of the petition for

2

modification. In addition, the trial court did not state a reason for rejecting the former husband's request for retroactivity, and the record does not indicate that there was a basis for rejecting the request.

*Id.* *See also Hedstrom v. Hedstrom*, 123 So. 3d 150, 154 (Fla. 5th DCA 2013) ("[T]rial courts abuse their discretion by failing to grant modification retroactively to the date the petition was filed if the reasons justifying modification existed at that time.").

In this case, the trial court granted retroactive modification, but only to the date of the amended petition for modification. The trial court did not grant retroactive modification to the date of the original petition for modification and the date the husband lost his employment. Like in *Thyrre*, the husband's need for a reduction in his alimony existed at the time of the filing of the original petition for modification. Additionally, the trial court did not state any reason for rejecting the husband's request for retroactively modifying alimony to the date of the husband's loss of employment. Nor does the record indicate any basis for rejecting the request. Both the original petition and the amended petition cited the husband's job loss as the basis for modification.

In light of the presumption of retroactivity, the trial court's reduction of alimony, and the lack of record support for the trial court's rejection of the request for retroactivity to the date of the original petition for modification, we reverse the final judgment of modification and remand for the trial court to reduce the husband's alimony obligation retroactive to the date the husband was terminated from his employment. We also remand for the trial court to correct a scrivener's error in the order denying contempt and instruct the trial court to strike findings that the husband should be held in contempt. We affirm all other issues raised on appeal.

*Affirmed in part, reversed in part, and remanded.*

MAY, LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3