DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

————————————————

MONIQUE MAYBELL,

Appellant,

v.

MICHAEL BRYANT, SR.,

Appellee.

No. 2D2025-0917
————————————————

January 16, 2026

Appeal from the Circuit Court for DeSoto County; Don T. Hall, Judge.

Monique Maybell, pro se.

No appearance for Appellee.

SLEET, Judge.

Monique Maybell, pro se, appeals from the trial court's Order Denying Supplemental Petition for Modification of Child Support, a petition in which she sought increased child support from her ex-husband Michael Bryant, Sr. Because the trial court denied the petition without holding an evidentiary hearing, we reverse and remand for further proceedings.

The parties divorced in 2017. They share three children, but only the youngest, M.B., was still a minor when Maybell filed her modification petition. Maybell asserts that the original child support proceeding was

initiated in DeSoto County in 2008. A June 22, 2010, order noted that a child support obligation was already in place, found that Bryant was $10,000 in arrears on that obligation, and ordered him to continue making monthly payments for support and arrears. A contempt order was entered in DeSoto County on January 6, 2011, finding that Bryant had failed to pay under the 2010 order and that he was then $13,000 in arrears. A second contempt order was entered in DeSoto County on July 27, 2016, stating that at that time Bryant was $43,676 in arrears. The final judgment of dissolution was entered in Hillsborough County on November 2, 2017, and directed that "child support shall remain in effect pursuant to DeSoto County order."

On November 1, 2024, using the 2008 circuit court case number, Maybell filed in DeSoto County a motion for civil contempt and enforcement, alleging that Bryant had "willfully failed to comply with this court's support order, with unpaid support arrears totaling $38,091.10." On that same day, despite having chosen to file her action in DeSoto County, Maybell filed a motion to transfer venue to Hillsborough County. She also requested a hearing, and one was set but later canceled.

Also on November 5, 2024, Maybell filed her petition for modification of child support, in which she alleged, as a material change in the parties' circumstances, that Bryant "has gained substantial income," has transferred property into his current wife's name to keep it from being considered for purposes of his ability to pay child support, and was $38,000 in arrears on his child support obligation at that time.

Bryant responded in the form of a pro se letter filed with the court on November 22, 2024, alleging that M.B. was currently living with him and had been for the past four years. Bryant maintained that he was currently paying his child support arrears through an income deduction

2

order. He also asserted that real property he had received as an inheritance should not be considered for purposes of child support.

On December 19, 2024, the trial court entered a Notice of No Action, indicating that it would "take no action on the matter" and concluding that Maybell's "claims have not been filed in the appropriate manner and therefore this Court cannot hear this matter."[1]

Then on January 3, 2025, Maybell filed her Motion to Transfer and for Relief, in which she again alleged that venue was proper in Hillsborough County and argued that the court's no action notice was a violation of her due process rights. The trial court did not rule on this motion, and on March 12, 2025, Maybell filed a request for ruling, in which she stated that her only other option would be to file a petition for writ of mandamus with this court.

The trial court then entered its Order Denying Supplemental Petition for Modification of Child Support, which stated in its entirety:

> THIS CAUSE having come before this Court on Petitioner's Motion for Modification of Child Support. A Supplemental Petition for Modification of Child Support requires that the party prove that there is a substantial change in circumstances. There is no information in the Supplemental Petition that proves to this Court that there has been a substantial change in circumstances. The Department of Revenue has previously held hearings and has established the amount of child support the Respondent should pay. Respondent continues to pay that every month.
> The Court has reviewed the Supplemental Petition and it is hereby DENIED.

On appeal, Maybell argues that the trial court erred in summarily denying her motion without a hearing. We agree.

---

[1] The trial court's Notice of No Action did not dismiss the case and was not an appealable order.

3

"Before a court can modify child support, it must first find a substantial change in the circumstances." *Smith v. Smith*, 273 So. 3d 1168, 1171 (Fla. 1st DCA 2019). Whether a substantial change in circumstances has occurred is a factual determination. *See Wade v. Hirschman*, 903 So. 2d 928, 933 (Fla. 2005) ("To modify such judgments, the trial court must decide whether there is a 'factual basis sufficient to show that conditions have become materially altered since the entry of the previous decree.' " (quoting *Frazier v. Frazier*, 147 So. 464, 467 (Fla. 1933))). A trial court's child support decision "must be supported by competent substantial evidence and factual findings sufficient to enable this court to determine how the trial court made the decision[] it did." *Landero v. Landero*, 391 So. 3d 650, 652 (Fla. 2d DCA 2024) (quoting *Lennon v. Lennon*, 264 So. 3d 1084, 1085 (Fla. 2d DCA 2019)).

Here, in its order denying Maybell's modification petition, the trial court made a factual finding that Maybell had not "prove[n] to the Court that there has been a substantial change in circumstances." It also found that Bryant continues to make monthly support payments. These findings are not supported by competent substantial evidence because the trial court failed to hold an evidentiary hearing. We therefore need not defer to these findings.

Furthermore, by failing to hold an evidentiary hearing on her petition to modify, the trial court violated Maybell's due process rights. *See Sawaya v. Thompson*, 204 So. 3d 586, 588 (Fla. 4th DCA 2016) ("The trial court violated Appellant's due process rights when it denied her the opportunity to present evidence of a substantial change in circumstances possibly meriting modification of the Final Judgment of Dissolution of Marriage."); *see also Murphy v. Ridgard*, 757 So. 2d 607, 608 (Fla. 5th DCA 2000) (stating that "[d]ue process principles apply to modification

4

proceedings" and reversing order denying motion for modification of time-sharing because movant's "due process rights to notice and an opportunity to be heard were abridged by the summary denial of his petition").

Accordingly, we reverse and remand for the trial court to conduct an evidentiary hearing. *See Sawaya,* 204 So. 3d at 587-88. However, the trial court also failed to rule on several properly filed pending motions, including Maybell's motions for civil contempt and transfer of venue. On remand, the trial court should first rule on the motion for change of venue and then proceed to an evidentiary hearing on the contempt and modification motions if necessary.[2]

Reversed and remanded.

KELLY and MORRIS, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.

———————————————

[2] Our record contains conflicting evidence as to M.B.'s date of birth. In his November 22, 2024, response to the modification petition, Bryant alleged that M.B. was then eighteen years old. Both the final judgment of dissolution and a proposed parenting plan submitted by Bryant in the Hillsborough County case list M.B.'s date of birth as November 16, 2007, but the DeSoto County child support order lists it as November 15, 2006. Either way, this appeal is not moot because modification of child support can be ordered back to the date the modification petition was filed. *See Gurdian v. Gurdian,* 198 So. 3d 65, 68 (Fla. 2d DCA 2015). But if this case remains in DeSoto County, the trial court should address this discrepancy at the evidentiary hearing on Maybell's petition for modification.

5