658 So.2d 170 (1995)
Nivia LASCAIBAR, Appellant,
v.
Albert A. LASCAIBAR, Appellee.
No. 94-3046.
District Court of Appeal of Florida, Third District.
July 19, 1995.
*171 Spiegelman and Spiegelman and Robert Spiegelman, Miami, for appellant.
No appearance for appellee.
Before SCHWARTZ, C.J., and BASKIN and LEVY, JJ.
PER CURIAM.
The judgment below approving the general master's report with respect to child support is reversed because (1) while income was correctly imputed to the father because of the unrebutted showing that he had deliberately abandoned a lucrative optometric practice apparently solely in order to deprive his wife and children of his ability to support them, Pimm v. Pimm, 601 So.2d 534 (Fla. 1992), the amount attributed, $50,000.00 per annum, was far less than the sum indisputably shown to have been earned by the husband during the course of the marriage. Accordingly, we increase the amount of attributed income to $80,000.00 per annum. (2) On the other side of the coin, the record does not support the attribution of $20,000.00 per year to the former wife who had not been employed for over five years prior to the final hearing and since the birth of the first of her two children. Since we are informed that she has since become employed, the issue of her income should be addressed after remand.
We also find clear error in the master's and trial court's refusal to consider applications to require the husband to make support payments and to hold him in contempt for not doing so.
In accordance with these holdings, the judgment under review is reversed and the cause remanded to (a) recompute the child support award under the guidelines on the basis of $80,000.00 per year in income attributed to the husband, and an amount to be determined in post-remand proceedings in income to the wife and (b) for the prompt disposition of the applications for enforcement of the outstanding support orders.