DAVIS, Judge.
The Florida Department of Revenue, acting on behalf of Douglas Bloemendal, appeals the trial court’s order modifying the monthly child support obligation owed by Barbara Hodge, n/k/a Barbara Eddington. We reverse.
In January 1994, the State of Michigan filed a petition with the trial court pursuant to the Uniform Reciprocal Enforcement Support Act, seeking child support from Hodge, a resident of Florida. At the time the State of Michigan filed its petition, the parties had two children. The older child lived with Bloemendal in Michigan, and the younger child lived with Hodge in Florida. The Florida trial court accepted a stipulation from the parties, in which Hodge acknowledged her duty to support the child living with his father. In turn, the State of Michigan acknowledged Hodge’s receipt of public assistance to support herself and the younger child, which prohibited the establishment of a child support obligation at the time. The trial court reserved jurisdiction to reconsider the matter upon a change in these circumstances.
On April 2, 1998, the State of Florida filed a supplemental petition seeking to establish Hodge’s child support obligation. The petition alleged that both children now lived with the father in Michigan, and that Hodge no longer received public assistance. A hearing officer heard the ease on September 17, 1998. The hearing officer subsequently submitted to the trial court his findings and recommendations, which the trial court adopted. The trial court found that Hodge was employed and had a monthly income of $947.92. Further, the trial court determined, based on guideline calculations, that Hodge’s presumptive child support obligation would be $271.75 per month. However, the trial court also found that Hodge did not have the ability to pay any child support.
Florida law establishes a presumptive amount of child support the trial court should order a party to pay. See § 61.30, Fla. Stat. (1997). The trial court may deviate up to 5 percent from the guideline amount of support after considering all relevant factors, without making specific findings for this deviation. See id. However, when the trial court’s order of support deviates more than 5 percent from the guideline, a trial court must make specific findings that explain why ordering payment of the presumptive amount would be “unjust or inappropriate.” See id.
Here, the hearing officer made such specific findings, and the trial court *847 ratified the same. We must determine whether the trial court abused its discretion by concluding that the hearing officer’s findings justify the waiver of Hodge’s support obligation.
The hearing officer’s recommended findings included the following rationale for deviating from the support guideline: (1) the children are ages twelve and sixteen (as of the date of the order) and have no special needs; (2) according to his financial affidavit, Bloemendal is employed and earns a net income that meets the family’s expenses; (3) Bloemendal has assets totaling $11,295.00 and no liabilities; (4) Hodge has a net monthly income that is less than her expenses, as reflected on her financial affidavit; (5) Hodge suffers from epilepsy and must take medication to control her condition; (6) Hodge has assets of $10,-000.00 and liabilities of $13,270.00. Based on these findings, the trial court concluded that Hodge did not have the ability to pay any child support.
We disagree. Although the trial court's findings may justify a deviation from the presumptive child support obligation in excess of 5 percent, they do not justify a complete waiver of Hodge’s obligation. Although Hodge’s expenses exceed her income, this reason is not, in and of itself, sufficient for the waiver. See, e.g., Davis v. Davis, 371 So.2d 591 (Fla. 2d DCA 1979). Admittedly, Hodge does have health problems which may limit her ability to work, but she is currently employed and can contribute something .to the needs of the' children. In fact, she was denied disability benefits because she is able to work. A review of the father’s circumstances reflects that the children need any assistance Hodge might provide. Accordingly, we reverse and remand for the trial court to reconsider the support obligation.
FULMER, A.C.J., CASANUEVA, J., Concur.