WOLF, J.
The former husband raises a number of issues concerning the final judgment of dissolution of marriage. We find only one has merit: whether the trial court abused its discretion in ordering the former wife to pay only $20 per month in child support. In the instant case there is no indication that the trial court considered the support guidelines prior to making its award. We, therefore, affirm as to all the other issues but remand for recalculation of child support.
A review of the record indicates that the former husband’s available income pursuant section 61.30(2)(a) is approximately $1,737 per month. The former wife’s financial affidavit indicates she receives $509.50 per month as disability benefits/SSI; however, the trial court determined the amount totaled $620.* She is also awarded, pursuant to the order on appeal, $450 in permanent alimony. Thus, the former wife’s available income, according to the trial court and pursuant to section 61.30, is $1,070.
The combined net income thus equals $2,807. According to the guidelines, the minimum child support needed is $607. § 61.30(6), Fla. Stat. (2008). Child care costs incurred on behalf of the children due to employment of either parent shall be reduced by 25% then added to the basic obligation. § 61.30(7), Fla. Stat. Health insurance costs resulting from coverage ordered shall be added to the basic obligation of the child. In this case, the former husband estimated child care at $285 (75% of which is $213.75) and health care at $50. Together, this brings the total amount of child support needed to $870.
The former wife’s available income ($1,070) is 38% of the parties’ total available income. Therefore, the former wife’s presumptive contribution to child support is 38% of $870 (the total amount of child support needed) or $330.60. As argued by the former husband, the trial court ordered the former wife to pay only $20.
Section 61.30(l)(a), Florida Statutes, provides that “[t]he trier of fact may order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding explaining why ordering payment of such guideline amount would be unjust or inappropriate.”
The trial court “explained” its award in the following manner:
*1171 5. Because of the Wife’s limited income that the Court finds to be $506.00 per month SSI disability payments plus $450.00 per month alimony awarded below, her unsuccessful attempts to obtain employment and her disability, the Court finds that $20.00 per month child support is the appropriate amount the Wife should pay for child support. The Husband provides health insurance for the minor child and pays daycare costs. The Court finds that it is in the best interest of the minor child that the child support payment be made directly to Husband.
Twenty dollars represents only 6% of what the guidelines presume the former wife should pay the former husband in child support. This is a 94% deviation from the guidelines. There is no indication that the trial court was aware of or considered the amount of the deviation.
As the former husband argues, the Legislature specifically included disability payments to be included as income for the purposes of a child support calculation per section 61.30(2)(a)4., Florida Statutes. To excuse a parent from any meaningful financial responsibility merely because of a parent’s disability, especially where the father and mother both have minimal income, does not comport with the legislative intent.
Instead, deviation from the guidelines normally is justified where a child’s special needs call for more support. See § 61.30(11), Fla. Stat.; Swanston v. Swanston, 746 So.2d 566 (Fla. 1st DCA 1999) (explaining criteria for deviating more than 5% from the guidelines); Kaiser v. Harrison, 985 So.2d 1226 (Fla. 5th DCA 2008) (upholding deviation which exceeded child support guidelines by 17% where the child’s school provided a stabilizing element in child’s life). However, where a criterion is taken into account by the child support guidelines, courts have not permitted deviation. See, e.g., McGhee v. Childress, 724 So.2d 196 (Fla. 1st DCA 1999) (fact that father’s salary was at minimum wage was legally insufficient reason for deviating by 20% from child support guideline amount since salary had been factored into guideline award).
While the former wife’s lack of employment opportunities or increased financial needs as a result of her disability may be considered by the trial judge, there is no indication the trial judge actually considered the guidelines amount and determined what level of deviation would be appropriate.
We, therefore, remand for reconsideration of child support.
BROWNING, C.J., and WEBSTER, J., concur.

 In the order on rehearing, the trial court made several findings that conflict with the amount referenced in the original judgment. Any of these figures, however, would result in a significant deviation from the guidelines.