PLEUS, JR., R., Senior Judge.
 

 The former wife, Connie French, timely appeals the final judgment of dissolution of marriage rendered upon the court’s ratification and confirmation of the report and recommendations of the general magistrate. She argues that the trial court erred in refusing to consider, after it was brought to the court’s attention, a miscalculation by the general magistrate regarding her monthly expenses, which miscalculation resulted in the erroneous denial of alimony to her. The former husband, William French, has not favored this court with an answer brief.
 

 After twenty-six years of marriage, the parties separated and the former wife filed for a dissolution. The case was referred to mediation. The parties were able to settle the division of their assets and liabilities by agreement, leaving only the issues of alimony and attorney’s fees for the general magistrate to determine. In the months preceding the hearing before the general magistrate, both parties experienced unexpected financial changes. The former husband’s expenses increased significantly due to his exit from the marital home. The former wife’s income decreased because of cutbacks by her employer, and her expenses increased. These changes led the former wife to regret her acceptance of one-half of the marital debt in the mediated settlement agreement; indeed, she believed that her very survival was dependent upon an award of alimony.
 

 The parties testified to these matters before the general magistrate. In its report and recommendations, the general magistrate outlined their testimony and then addressed the expenses of the parties. It listed the former wife’s various expenses, converting some, but unfortunately not all, of the figures into monthly amounts before totaling the individual expenses to determine the former -wife’s total monthly expenses. The failure to convert all figures into monthly amounts apparently led the general magistrate to conclude, erroneously, that the former wife’s monthly expenses were $1546.66, when, in fact, her undisputed testimony was that her monthly expenses were $2012.86. Based on its calculations, which also failed to consider the former husband’s increased expenses, the general magistrate concluded that the former husband had the ability to pay alimony, but the former wife had no need.
 

 The former wife filed exceptions to the general magistrate’s report and recommendations, challenging the denial of her claim to alimony. At the hearing on her exceptions, the former wife filed an affidavit in which she asserted, for the first time, the general magistrate’s errors in the calculation of her expenses. We emphasize that her affidavit pointed out errors that were plain on the face of the report.
 

 Despite the magistrate’s errors, the trial court refused to consider the former wife’s challenge to the calculations because, it concluded, her challenge was untimely. The court ruled that the affidavit, filed as it was in open court, was too late because it was filed outside the ten-day period, set forth in Florida Family Law Rule of Procedure 12.490(f), for filing exceptions. This ruling was error.
 

 While the court was correct that the affidavit raised a matter not included in the former wife’s exceptions and was too late if intended to serve as an exception, the trial court failed to recognize the import of the fact that the errors were plain on the face of the report. Given that the
 
 *280
 
 trial court was charged with determining whether the magistrate’s findings of fact were supported by competent evidence, the trial court itself should have discovered the errors in the course of making a careful review of the report and the transcript.
 
 See Anderson v. Anderson,
 
 736 So.2d 49, 50-51 (Fla. 5th DCA 1999) (“It is clear that if one objects to a master’s report, the trial court has an obligation not merely to consider the findings and recommendation of the master but also to review the entire file. But the review is not intended to permit the trial court to make its independent finding of facts or to reach its independent conclusion as to the legal effect of such facts.
 
 The review of the entire record is to ascertain whether the master’s finding is supported by competent evidence and to see if the master’s conclusions pass the Canakaris test.”)
 
 (emphasis added);
 
 see also Lyon v. Lyon,
 
 54 So.2d 679, 680 (Fla.1951) (“Whether exceptions are filed to the report of the Master or not, it is the duty of the court to examine and carefully consider the evidence and determine whether under the law and the facts the court is justified in entering the decree recommended by the Master.”). Once discovered, the errors required the trial court to conclude that the magistrate’s determination of the amount of expense assigned to the former wife was not supported by competent evidence.
 

 We also note that the former husband’s testimony of increased expenses created by his need to pay rent was unchallenged, and thus, his expenses were greater than the figure relied upon by the general magistrate.
 

 Because the errors in the general magistrate’s findings of fact as to expenses were clear on the face of its report, the trial court erred in confirming the report. We remand for correction of the findings regarding expenses both as to the former wife and the former husband. On remand, the trial court may consider whether the corrected figures require an award of alimony.
 

 AFFIRMED IN PART; REVERSED IN PART; REMANDED for further proceedings consistent with this opinion.
 

 TORPY and EVANDER, JJ., concur.