WHATLEY, Judge.
Alberto Torres appeals the order denying his exceptions and adopting the magistrate’s recommended final judgment of dissolution of his marriage to Shannon Torres. We affirm in part and reverse in part.
The Husband raises several issues on appeal, but we only find merit in his argument that the trial court erred in imputing income to him for the computation of child support arrears without providing adequate supporting findings. Although the Husband did not raise this issue in his exceptions to the magistrate’s recom *1172 mended final judgment, the error is plain on the face of the magistrate’s report. Consequently, the trial court erred in confirming that report. See French v. French, 12 So.3d 278, 280 (Fla. 5th DCA 2009) (“Because the errors in the general magistrate’s findings of fact ... were clear on the face of its report, the trial court erred in confirming the report.”).
The magistrate found that the Husband is physically able to work and that he willfully terminated his employment and moved to Mexico. The magistrate concluded that the Husband is capable of earning the same amount that is reflected on his November 2008 financial affidavit filed while he was employed at the job he had for approximately fourteen years. This was the extent of the magistrate’s findings in support of the imputation of income to the Husband.
“[Mjere allegations of employability do not constitute competent, substantial evidence for imputing income.” Burkley v. Burkley, 911 So.2d 262, 269 (Fla. 5th DCA 2005).
[Sjection 61.30(2)(b) requires a court to consider the party’s recent work history, occupational qualifications, and the prevailing level of earnings in the community for the appropriate class of available jobs. If the trial court does not make the required findings, the record must reveal competent, substantial evidence supporting the trial court’s decision.
Id. at 268 (citations omitted); see also Roth v. Roth, 973 So.2d 580, 590 (Fla. 2d DCA 2008).
The Wife, as the party asserting that the Husband was voluntarily unemployed and that income should be imputed to him, had the burden of proof. Burkley, 911 So.2d at 268. But she merely testified that it was possible that the Husband could work for his previous employer again and he had been paid at least $50,000 by that employer before he quit. The Husband testified upon questioning by the Wife that he had worked his way up from laborer to supervisor before he left his job due to depression.
Because it is clear on the face of the magistrate’s recommended final judgment that his findings were insufficient to support the imputation of income to the Husband, the trial court erred in adopting that judgment. Accordingly, we affirm the final judgment of dissolution in all respects except regarding the imputation of income to the Husband. We reverse and remand for further proceedings at which the Wife may present additional evidence on this issue if she so desires. See Roth, 973 So.2d at 591.
Affirmed in part, reversed in part, and remanded.
KHOUZAM and BLACK, JJ., Concur.