BLACK, Judge.
Charles E. Cash, the former husband, appeals the trial court’s supplemental final judgment of dissolution of marriage. The former husband and Jennifer Sue Cash, the former wife, were married in 2001 and divorced in 2007. During the dissolution proceedings, the parties entered into a marital settlement agreement which included a child support obligation calculated using a stipulated-to income attributed to the former husband.
In 2010, the former husband filed a petition to modify his child support payments, contending that his income had drastically decreased from the attributed figure, constituting a material change in his financial circumstances. Following a one-day hearing on the former husband’s petition, the trial court entered a letter ruling reducing the former husband’s monthly child support obligation from $5031 to $3756. Two months later the court rendered the supplemental final judgment in order form. The order is identical to the letter ruling.
On appeal, the former husband argues that the trial court abused its discretion in ordering child support that deviates from the guidelines figure. He also argues that the trial court erred in failing to impute income to the former wife, in calculating the former husband’s income, and in failing to apply the reduced child support obligation retroactively to the date the petition for modification was filed. We agree with the former husband.
I. Deviation from the guidelines
In its supplemental final judgment, the trial court included two upward deviations from the child support guidelines’ figure, stating that “the [cjourt shall deviate from the child support guidelines by the [five percent] permitted without extraordinary circumstances required and shall further deviate by requiring an additional [five percent] as a result of the [h]usband’s limited timesharing with the children.” The order on appeal includes only the finding that “[c]hild support based on [the former husband’s monthly] income of $23,000 will dramatically decrease the [fjormer [w]ife’s child support income and make it difficult for the [f]ormer [w]ife to meet her financial obligations.” The trial court made no oral findings on the record at the hearing on the former husband’s petition.
Section 61.30(l)(a), Florida Statutes (2010), provides:
The trier of fact may order payment of child support which varies, plus or minus 5 percent, from the guideline amount, after considering all relevant factors, including the needs of the child or children, age, station in life, standard of living, and the financial status and ability of each parent. The trier of fact may order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding explaining why ordering payment of such guideline amount would be unjust or inappropriate.
*433 Section 61.30(ll)(a) provides an additional set of deviation factors:
The court may adjust the total minimum child support award, or either or both parents’ share of the total minimum child support award, based upon the following deviation factors:
1. Extraordinary medical, psychological, educational, or dental expenses.
2. Independent income of the child, not to include moneys received by a child from supplemental security income.
3. The payment of support for a parent which regularly has been paid and for which there is a demonstrated need.
4. Seasonal variations in one or both parents’ incomes or expenses.
5. The age of the child, taking into account the greater needs of older children.
6. Special needs, such as costs that may be associated with the disability of a child, that have traditionally been met within the family budget even though the fulfilling of those needs will cause the support to exceed the presumptive amount established by the guidelines.
7. Total available assets of the obligee, obligor, and the child.
[[Image here]]
11. Any other adjustment which is needed to achieve an equitable result which may include, but not be limited to, a reasonable and necessary existing expense or debt.
Although not entirely clear, it appears the court may have deviated from the presumptive child support figure based upon the former wife’s purported monthly deficit in the event the child support significantly decreased. While we recognize that specific findings are not required for a five percent deviation, see Fla. Dep’t of Revenue ex rel. Bloemendal v. Hodge, 754 So.2d 845, 846 (Fla. 2d DCA 2000), neither the record nor the order in this case indicates that the court considered any of the statutory factors in increasing the presumptive child support obligation by five percent. Therefore, the trial court abused its discretion in ordering the deviation. See Thyrre v. Thyrre, 963 So.2d 859, 863-64 (Fla. 2d DCA 2007).
The court also abused its discretion in ordering a second five percent deviation. The supplemental final judgment states only that the court is deviating from the guidelines by an “additional [five percent] as a result of the [former] [h]usband’s limited time sharing with the children.” Section 61.30(1) mandates that a deviation in excess of five percent must be supported by “a written finding explaining why ordering payment of such guideline amount would be unjust or inappropriate.” § 61.30(l)(a); see also Whittingham v. Whittingham, 67 So.3d 239, 239 (Fla. 2d DCA 2010). Here, the court’s finding is insufficient. See Swanston v. Swanston, 746 So.2d 566, 570 (Fla. 1st DCA 1999); cf. Hodge, 754 So.2d at 847. See generally Hall v. Hall, 994 So.2d 1169, 1171 (Fla. 1st DCA 2008) (“[Djeviation from the guidelines normally is justified where a child’s special needs call for more support.”).
II. Failure to impute income to former wife
In the supplemental final judgment the court did not impute income to the former wife, finding that “the evidence was insufficient.” The former husband contends this is error given the evidence presented at the hearing. The court’s order provides no basis for its decision to impute no income to the former wife, and the record reflects that the former husband asked the court to impute income at the hearing on his petition for modification.
*434 Monthly income “shall be imputed to an unemployed or underemployed parent when such [unemployment or underemployment is found by the court to be voluntary on that parent’s part, absent a finding of fact by the court of physical or mental incapacity or other circumstances over which the parent has no control.” § 61.30(2)(b). Imputing income is a two-step analysis: “(1) the determination of whether the parent’s underemployment was voluntary, and (2) if so, the calculation of imputed income.” Bator v. Osborne, 983 So.2d 1198, 1200 (Fla. 2d DCA 2008). The former husband had the burden of proof as the party asserting that the former wife was voluntarily unemployed and that income should be imputed to her. See Torres v. Torres, 98 So.3d 1171, 1172 (Fla. 2d DCA 2011). “The decision to impute income and the determination of the amount of income to be imputed must be based on competent, substantial evidence presented at an evidentiary hearing.” Roth v. Roth, 973 So.2d 580, 590 (Fla. 2d DCA 2008) (citing Wendel v. Wendel, 852 So.2d 277, 283 (Fla. 2d DCA 2003)).
Although it did not expressly state whether the former wife was voluntarily or involuntarily unemployed, the trial court found that the evidence presented was insufficient to impute income to her. Given the mandatory language of the statute, the court’s statement implicitly encompasses a finding that the former wife was involuntarily unemployed. However, none of the evidence presented at the hearing supports a finding of involuntarily unemployment. The former husband presented competent, substantial evidence that the former wife is voluntarily unemployed.
The parties were married in 2001 and their children, triplets, were born in 2004. From 2000 until just after the triplets were born, the former wife worked for the former husband. At the time of the hearing, the former wife had recently started an internet store; she testified that the business has a tax identification number, articles of incorporation, and a website and that it was recently approved by “drop shippers” for the products the store would sell. She also testified that she has looked for work in Charlotte County, where the jobs available to her pay approximately eleven dollars an hour. At the time of the hearing, she had not been formally offered a job. On cross-examination, the former wife testified that she is capable of working, that she has a degree, and that she previously worked for the Florida Department of Environmental Protection making approximately $26,000 annually. She testified that she has looked for jobs “through the county and the State” and online; she has applied for a few positions. The former wife also testified that she completed a night class in the legal assisting area. She previously worked as a legal assistant and thought she could go back into that field. She has not applied for any legal assistant positions. She believed that care for the children before and after school would cost $200 a week, making it disadvantageous to work.
In addition, there was no evidence that the former wife has a physical or mental incapacity which would limit her ability to work. Thus, the court should have considered “the employment potential and probable earnings level” of the former wife based upon “her recent work history, occupational qualifications, and prevailing earnings level in the community.” § 61.30(2)(b). Further, “‘[a] court may impute income to a party who has no income or is earning less than is available to h[er] based upon a showing that the party has the capability to earn more by the use of h[er] best efforts.’ ” Riley v. Riley, 14 So.3d 1284, 1289 (Fla. 2d DCA *435 2009) (quoting Koeppel v. Holyszko, 643 So.2d 72, 75 (Fla. 2d DCA 1994)).
III. Former husband’s income determination
The former husband next contends that the trial court abused its discretion in calculating the former husband’s income for use in the child support guidelines. The trial court found the former husband’s gross monthly income to be $23,000. The former husband’s financial affidavit, introduced into evidence at the hearing, indicated a monthly income of $17,677.50.
Although finding that the former husband’s purported reduction in income was speculative, the court did not rely on the 2010 income to establish the former husband’s net monthly income. Rather, the court determined the income by adding the existing child support obligation ($5000) to the former husband’s monthly expenses ($18,000). Neither monthly expenses nor existing child support obligations are listed as figures to be used in income determination. See § 61.30(2)(a). And while the statutory list is not inclusive, none of the statutory factors are payments, liabilities, or expenditures. Further, the former husband’s financial affidavit revealed a monthly deficit of $4758.14. The trial court identified some of the former husband’s expenses as extravagant, noted that all of his obligations were current, and suggested that the former husband may need to take a loss to “alleviate the attached debt” if he was struggling to make payments.
The uncontradicted evidence at the hearing established that a significant portion of the former husband’s 2010 income was nonrecurring, the result of a business sale garnering $73,500 for the former husband. To the extent the court did, or may on remand, rely on the former husband’s nonrecurring income to determine his monthly income, the court must first determine that the recurring income is insufficient to meet the children’s needs. See § 61.30(13); Vollmer v. Vollmer, 33 So.3d 67, 69 (Fla. 2d DCA 2010) (“[Nonrecurring income can ... be considered by the trial court when the recurring income is not sufficient to meet a child’s needs.”).
IV. Retroactivity
final issue raised by the for-forhusband is the court’s failure to apply the change in child support retroactively. “ ‘Retroactivity is the rule rather than the exception which guides the trial court’s application of discretion when modification of alimony or child support is granted.’ ” Thyrre, 963 So.2d at 862 (quoting DeSan-DeSanv. Smith, 634 So.2d 796, 797 (Fla. 4th DCA 1994)). “Accordingly, there is a pre-preof retroactivity which applies un-unthere is a basis for determining that the award should not be retroactive.” Id.
The former husband’s petition requested that the modification be applied retroactively to the date he filed the petition. The court’s supplemental final judgment does not provide its rationale for denying retroactive application. And nothing in the records supports a denial. See Thyrre, 963 So.2d at 862. “Where the circumstances that give rise to a modification of child support exist at the time during which a petition for modification is filed, failure to order the modification retroactive to the date of the filing of the petition constitutes an abuse of discretion.” Spano v. Bruce, 62 So.3d 2, 6 (Fla. 3d DCA 2011); see also Kowal v. Tomlinson, 780 So.2d 172, 173 (Fla. 2d DCA 2001) (holding that trial 'court abused its discretion in failing to order child support retroactive to date of filing where there was no evidence that husband was unable to pay the ordered amount during that period of *436 time). On remand, the trial court should grant the former husband’s request that the modification in child support be retroactive to the date his petition for modification was filed. See Thyrre, 963 So.2d at 862.
Based on the foregoing, we reverse the supplemental final judgment and remand for the trial court to recalculate the parties’ incomes and the former husband’s child support obligation based thereon.
Reversed and remanded.
DAVIS, C.J., and SLEET, J., Concur.