WALLIS, J.
Appellant, Delsie Marie Dugan (“Former Wife”), appeals from the trial court’s final judgment concerning alimony, equitable distribution, and attorneys’ fees as well as from numerous additional rulings entered during the pendency of the parties’ *935 dissolution proceedings. We affirm, without discussion, all but one of the rulings contained .in the final judgment and all of the other rulings raised in this appeal. We write only to address the trial court’s finding that all of Former Wife’s medical expenses were covered by Medicare. The finding constitutes an error on the face of the final judgment. Accordingly, we reverse the finding and remand for the lower court to correct its calculation of Former Wife’s monthly expenses and to determine whether the revised calculation warrants an increased alimony award.
Former Wife and Appellee, William David Dugan (“Former Husband”), engaged in extensive litigation over equitable distribution, alimony, and other issues over the course of almost four years. Former Wife did not attend the second day of trial, and no transcript of the second day appears in the record on appeal. After trial, but before the trial court’s oral ruling, Former Wife submitted an updated financial affidavit containing rough estimates of most expenses, including “medical expenses” incurred by the parties’ two adult sons. She also listed monthly health-insurance payments of $561 and dental-insurance payments of $40 but provided no supporting evidence. In its oral ruling and subsequent final judgment, the trial court included numerous findings concerning the parties’ assets, incomes, and monthly expenses. The trial court noted that Former Wife suffered from significant health problems, struck numerous expenses attributed to the adult sons, and included the health and dental insurance payments in its calculation of Former Wife’s monthly expenses. However, the court also noted that “Former Husband’s uncontroverted testimony was that all of the Former Wife’s medical expenses are covered by Medicare” and, consequently, subtracted all medical expenses from its calculation of her monthly needs. The final judgment included a substantially lower monthly alimony payment from Former Husband than the amount requested by Former Wife.
“[D]espite the lack of a transcript and an adequate record, when the error appears on the face of the judgment, it should be corrected.” Larocka v. Larocka, 43 So.3d 911, 913 (Fla.'5th DCA 2010) (citations omitted). Former Wife correctly notes that no medical expenses are completely covered by Medicare. See Paramount Health Sys., Inc. v. Wright, 138 F.3d 706, 707 (7th Cir.1998) (discussing Medicare Part A and Medicare Part B at length, including the fact that Part A covers hospital services while Part B pays up to 80% of nonhospital services). Here, the trial court provided no rationale for its finding aside from mentioning “Former Husband’s uncontroverted testimony,” whereas Former Wife provides authority suggesting that she is responsible for Medicare premiums, deductibles, and non-covered expenses. Former Husband’s testimony was insufficient to support the finding that Former Wife’s medical expenses were entirely covered by Medicare. We reverse only on the issue of Former Wife’s medical expenses and remand for further proceedings, at which Former Wife may present supplemental evidence of her medical insurance expenses. See Torres v. Torres, 98 So.3d 1171, 1172 (Fla. 2d DCA 2011). The trial court may consider whether the amended calculation of Former Wife’s medical expenses warrants an increased alimony award. French v. French, 12 So.3d 278, 280 (Fla. 5th DCA 2009).
AFFIRMED in PART; REVERSED in PART; REMANDED with Instructions.
BERGER and LAMBERT, JJ., concur.