NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARYANN BACK,                          )
                                       )
          Appellant/Cross-Appellee,    )
                                       )
v.                                     )        Case Nos.  2D14-3076
                                       )                   2D14-5277
CHARLES E. BACK,                       )
                                       )        CONSOLIDATED
          Appellee/Cross-Appellant.    )
_____    )

Opinion filed July 22, 2016.

Appeals from the Circuit Court for
Hillsborough County; Catherine M. Catlin,
Judge.

Arnold D. Levine and Robert H. Mackenzie
of Arnold D. Levine & Sullivan, P.A., Tampa,
for Appellant/Cross-Appellee.

Allison M. Perry of Florida Appeals &
Mediations, P.A., Tampa, for Appellee/
Cross-Appellant.


WALLACE, Judge.

          MaryAnn Back (the Wife) appeals, and Charles E. Back (the Husband)

cross-appeals, various aspects of the amended final judgment that dissolved their

marriage.  The Wife also appeals a final money judgment, rendered after the notice of

appeal of the amended final judgment had been filed, that enforced a portion of the

equitable distribution scheme. We affirm the entry of the money judgment without further discussion. We also affirm without discussion all of the points raised in the appeal and the cross-appeal of the amended final judgment of dissolution except one. Because there is no evidence in the record that the Husband was voluntarily unemployed, we reverse the trial court's ruling imputing income to the Husband for the purpose of calculating child support.

The evidentiary hearing in this matter began on June 19, 2013. At the hearing, the evidence showed that the Husband had been terminated from his position as an agent for several Farm Bureau Insurance companies (Farm Bureau) by letter dated June 5, 2013. The letter stated that the Husband's termination would be effective ten days from the date of the letter, or June 15, 2013. There was no dispute at the hearing that the Husband's termination by Farm Bureau was involuntary. There was also no dispute that the Husband's termination did not result from any misconduct. Further, there was no dispute that the Husband would no longer be receiving any compensation from Farm Bureau other than severance pay amounting to approximately $719 per month for 120 months. The Husband's only other income was approximately $1000 per month that he received as an agent for Citizens Property Insurance Corporation. Nevertheless, the trial court imputed income to the Husband for the purpose of calculating child support in the amount of $140,000 per year. On his cross-appeal, the Husband argues that this ruling was error. We agree.

This court has held that imputing income to an unemployed parent for purposes of child support is a two-step process. See, e.g., Cash v. Cash, 122 So. 3d 430, 434 (Fla. 2d DCA 2013); Bator v. Osborne, 983 So. 2d 1198, 1200 (Fla. 2d DCA

2008). First, the court must determine whether the parent's unemployment is voluntary. Cash, 122 So. 3d at 434. If so, the court then determines what level of income to impute. Id. When there is no evidence that a parent is voluntarily unemployed, imputing income is error. See § 61.30(2)(b), Fla. Stat. (2012) (providing that income shall be imputed to an unemployed or underemployed parent "if such unemployment or underemployment is found by the court to be voluntary on that parent's part") (emphasis added); see also Wendel v. Wendel, 852 So. 2d 277, 284 (Fla. 2d DCA 2003) (reversing imputation of income when the only evidence was that the husband had been terminated and had been unable to find a new job despite his best efforts); Gildea v. Gildea, 593 So. 2d 1212, 1213 (Fla. 2d DCA 1992) (holding that it was error to impute income to former husband who had been involuntarily terminated from his last job, who had been seeking reemployment, but who had not been hired despite various interviews); Stebbins v. Stebbins, 754 So. 2d 903, 907 (Fla. 1st DCA 2000) (reversing imputation of income for child support purposes when there was no evidence that husband's unemployment was voluntary); Lee v. Lee, 751 So. 2d 741, 744 (Fla. 1st DCA 2000) (reversing child support award based on imputed income because the evidence showed that the former husband had been fired from his last job and had been unsuccessful in obtaining employment despite various interviews). Stated simply, the trial court may not impute income to a parent whose unemployment is involuntary.

In this case, the only evidence presented at the hearing was that the Husband had become involuntarily unemployed from his principal employment with Farm Bureau just days before the beginning of the final hearing. The Husband testified that in the days between his termination and the hearing he had contacted several

acquaintances in the insurance industry about other employment, and he had several interviews scheduled. However, despite the Husband's efforts during the short time since his employment was terminated, he was not employed at that time. The Wife offered no evidence that the Husband's unemployment was anything other than involuntary. Therefore, because the only evidence was that the Husband's unemployment was involuntary, the trial court erred by imputing income to the Husband.

In her argument, the Wife does not address the statutory requirements for imputing income. Instead, she contends that the evidence of the Husband's very recent earnings and his own financial affidavits support the trial court's ruling. However, regardless of the strength of the evidence concerning the Husband's recent earnings, that evidence is not determinative of the issue in the face of the additional evidence—that was undisputed—of the Husband's involuntary unemployment at the time of the final hearing.

Accordingly, we must reverse the provisions for child support in the amended final judgment. We affirm the remainder of the amended final judgment in all other respects. We also affirm the judgment that enforced a portion of the equitable distribution scheme. On remand, the trial court must recalculate the Husband's child support obligation based on evidence of his actual employment status and earnings, which may have changed during the period since the entry of the amended final judgment.[1] Absent an agreement by the parties, the trial court will very likely need to take additional evidence to accomplish this task.

---

[1]The trial court signed the amended final judgment on June 6, 2014, nunc pro tunc to September 13, 2013.

Affirmed in part, reversed in part, and remanded for further proceedings.

KELLY and KHOUZAM, JJ., Concur.