# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-764

_____

DANIEL WINDSOR,

    Appellant,

    v.

TIFFANY WINDSOR,

    Appellee.

_____

On appeal from the Circuit Court for Bay County.
Shonna Young Gay, Judge.

December 28, 2018

WINSOR, J.

When Daniel and Tiffany Windsor divorced in 2009, they agreed that Daniel would pay $550 monthly in child support. Financial circumstances changed over time, and Tiffany Windsor (the ex-wife) later petitioned for increased support. Daniel Windsor (the ex-husband) counter-petitioned for a decreased amount. The trial court agreed with the parties that there had been a substantial change in circumstances—a prerequisite to any change in support obligations, *see* § 61.14, Fla. Stat.—and it also concluded that the ex-husband was voluntarily underemployed. The court then recalculated the ex-husband's child support obligation based on an imputed income of $100,000, rather than the ex-husband's lower, actual income. The sole question here is whether that $100,000 imputation was permitted.

"When the obligor spouse voluntarily becomes unemployed or underemployed, the income that he or she is capable of earning may be imputed for purposes of determining an appropriate award of support." *Smith v. Smith*, 737 So. 2d 641, 644 (Fla. 1st DCA 1999); *see also* § 61.30(2)(b), Fla. Stat. Therefore, the first step is to determine whether there is voluntary unemployment or underemployment. If there is, then the second step is to determine the amount of income to impute.

As to the first step, we conclude that competent, substantial evidence supported the trial court's finding of underemployment. The ex-husband was in the restaurant business and once held high-paying executive-chef positions. He then owned his own restaurant, where he perhaps earned somewhat less, but still more than he makes now. More recently, he sold that restaurant and opened a small, unprofitable coffee shop. His current wife owns the coffee shop with him, and she testified that they sold the restaurant in favor of a coffee shop because they were ready to "slow down some." That evidence—that the ex-husband accepted a less profitable arrangement to enjoy slowing down—is enough to support the court's finding of voluntary underemployment. *Cf. Gillette v. Gillette*, 226 So. 3d 958, 961 (Fla. 4th DCA 2017) ("[A] person can become 'underemployed' by leaving a more lucrative position in order to pursue an interest in a family business."); *Guard v. Guard*, 993 So. 2d 1086, 1090 (Fla. 5th DCA 2008) ("[D]espite the family business's lack of success, the husband failed to seek profitable employment. . . . [I]n choosing to pursue his interest in the family business, he has become underemployed.").

As to the second step, we conclude that there was not competent, substantial evidence supporting the trial court's decision to impute $100,000. The trial court correctly noted that the ex-husband previously earned more than $100,000—and that he once expected to make even more through a Kentucky business arrangement that did not materialize. But to impute $100,000 of income, the court needed evidence that the ex-husband had the present ability to earn $100,000 in his community. § 61.30(2)(b), Fla. Stat.; *cf. also Rabbath v. Farid*, 4 So. 3d 778, 782 (Fla. 1st DCA 2009) (reversing imputation of income based on past, foreign job because "[n]o evidence was presented regarding the *current, prevailing earnings level* and the potential source(s) or amount of

income *in the pertinent community*." (emphasis added)). Yet there was no evidence below about the relevant job market in the ex-husband's area, Panama City. *See Rabbath*, 4 So. 3d at 782 ("Before the trial court could impute income to Appellant, it had to make particularized findings relating to the current job market, Appellant's more recent work history, his occupational qualifications, and the prevailing earnings level in the local community where he and his family live."). There was testimony from the ex-husband's former employer that *if* his outfit was hiring someone with the ex-husband's credentials, it would pay at least $100,000. But there was no evidence that such a job was available. *See* § 61.30(2)(b)1.b. (noting petitioner must provide "evidence of income from available employment for which the party is suitably qualified"). We therefore reverse and remand for further proceedings, during which the trial court should determine an appropriate amount of imputed income.

REVERSED and REMANDED.

ROBERTS and RAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jonathan W. Dingus, Panama City, for Appellant.

Jeffrey P. Whitton, Panama City, for Appellee.

3