DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

RAYMOND CAMPBELL,

Appellant,

v.

JULIA JARA,

Appellee.

No. 2D2023-1795
_____

August 23, 2024

Appeal from the Circuit Court for Pasco County; Alicia Polk, Judge.

Michael R. Warren of Warren Law Firm, PLLC, Dade City, for Appellant.

Angela M. Reimer of AMR Law Firm, P.A., Tampa, for Appellee.

VILLANTI, Judge.

Raymond Campbell (the Father) challenges the Final Judgment of Paternity, wherein the trial court determined his income for child support purposes and the parties' timesharing of their minor child.[1] Specifically, the Father argues that the trial court miscalculated his income for 2021 and 2022, erroneously imputed his 2023 income, and abused its discretion in awarding Julia Jara (the Mother) timesharing exceeding an equal timesharing distribution. We have jurisdiction. *See* Fla. R. App. P.

_____

[1] The parties stipulated to other factors considered pursuant to section 61.13, Florida Statutes, encompassed in the final judgment on appeal, and those findings are not being challenged.

9.030(b)(1)(A). We agree with the Father with respect to the trial court's calculation of his 2021 and 2022 income and imputation of his 2023 income for child support purposes, and we reverse on those issues only. In all other aspects, we affirm the trial court's final judgment of paternity.

We have carefully examined the final judgment, and the trial court's conclusions on the issue of the Father's income are not supported by the record as required by section 61.30, Florida Statutes (2023). A lengthy recitation of the facts underlying this paternity case is unnecessary because we are reversing only the child support award due to mathematical and factual errors. The trial court made numerous errors in calculating the Father's income for 2021 and 2022, such as double counting his income, mischaracterizing gross versus net income, and using inaccurate numbers in its calculations.

We also conclude that the trial court's imputation of income to the Father for 2023 is not supported by competent substantial evidence in the record. *See* § 61.30(2)(b) ("Monthly income shall be imputed to an unemployed or underemployed parent if such unemployment or underemployment is found by the court to be voluntary on that parent's part . . . ."); *Windsor v. Windsor*, 262 So. 3d 853, 854 (Fla. 1st DCA 2018) ("When the obligor spouse voluntarily becomes unemployed or underemployed, the income that he or she is capable of earning may be imputed for purposes of determining an appropriate award of support." (quoting *Smith v. Smith*, 737 641, 644 (Fla. 1st DCA 1999))).

The application of section 61.30(2)(b) requires a two-step analysis: "(1) the determination of whether the parent's [unemployment or] underemployment was voluntary, and (2) if so, the calculation of imputed income." *Cash v. Cash*, 122 So. 3d 430, 434 (Fla. 2d DCA 2013) (quoting

2

*Bator v. Osborne*, 983 So. 2d 1198, 1200 (Fla. 2d DCA 2008)). "Florida law is well settled that the burden of proof rests with the party asserting underemployment and seeking imputation." *Allison v. Allison*, 363 So. 3d 1129, 1134 (Fla. 2d DCA 2023) (citing *Cash*, 122 So. 3d at 434). The decision to impute income and the determination of the amount of income to be imputed must be based on competent, substantial evidence presented at an evidentiary hearing." *Id.* (quoting *Cash*, 122 So. 3d at 434).

Here, the trial court found that "the Father could be working 40 hours per week, however [he] has chosen not to. Even if his employer does not provide 40 hours per week, he could gain other employment to make up for the hours he isn't working at Time Value Accounting." The trial transcript reflects that the Father was asked on cross-examination why he only works twenty-five hours a week, and he responded that his position offers only twenty-five to thirty hours per week. He testified that he was "building" that position, which did not previously exist with his company. The Father further testified that there have been times he was provided with additional hours to work by Time Value, but the opportunity to do so is not consistent. He previously earned additional income from driving for a rideshare company, but the income he earned from that was minimal, so he has not worked for the rideshare lately. When asked by the Mother's counsel what stopped him from working forty hours per week, the Father said he was "accommodating for [the minor child]" and "other things" he was taking care of, such as visiting the doctor.

Even if the trial court declined to believe the Father's explanation as to why he does not pursue additional work, it did not make any findings or explanations supporting that conclusion. The Father was not

3

questioned further about what the "accommodations" for the minor child entailed, the frequency of his physician appointments and whether they, for example, required significant travel. The Father was not asked about any other extenuating circumstances that may restrain his time to pursue additional employment. "[M]ere allegations of employability do not constitute competent, substantial evidence for imputing income." *Torres v. Torres*, 98 So. 3d 1171, 1172 (Fla. 2d DCA 2011) (alteration in original) (quoting *Burkley v. Burkley*, 911 So. 2d 262, 269 (Fla. 5th DCA 2005)); *see also Burkley*, 911 So. 2d at 271 (holding that the trial court "erred by imputing income without making the requisite findings"). Thus, the trial court's conclusion that the Father "could be" employed at forty hours a week is not supported by competent, substantial evidence.

The second prong of the analysis—the calculation of the income to be imputed—was also error. "Before imputing income, the trial court must consider evidence concerning the party's recent work history, occupational qualifications, and the prevailing earnings in the industry in which the party works." *Roth v. Roth*, 973 So. 2d 580, 590 (Fla. 2d DCA 2008) (citing *Wendel v. Wendel*, 852 So. 2d 277, 284 (Fla. 2d DCA 2003)). "Moreover, 'income may not be imputed at a level which the former spouse has never earned, absent special circumstances.' " *Id.* (quoting *Hinton v. Smith*, 725 So. 2d 1154, 1157 (Fla. 2d DCA 1998)).

Here, the trial court imputed an additional $15,000 of income—for a total of just over $76,000—to the Father for 2023, when the record evidence reflects that his highest earned income was just over $58,000.[2] There was no evidence presented nor findings made by the trial court

___

[2] The trial court's imputation relied on an inaccurate figure of $6,740.00 for the Father's additional income from ridesharing. However, the record reflects that the Father's actual earned amount for the year that he engaged in the ridesharing business was actually $674.68.

4

regarding "special circumstances" that would justify the additional income imputed. *Cf. Lascaibar v. Lascaibar*, 658 So. 2d 170, 171 (Fla. 3d DCA 1995) (holding that the trial court properly imputed income to the father because he had deliberately abandoned lucrative employment to avoid having to pay child support and alimony). Thus, we also conclude that the trial court's imputation of income for 2023 is not supported by competent, substantial evidence. *See Roth*, 973 So. 2d at 590.

On the other hand, while the trial court awarded the Mother more timesharing than she requested, it was a nominal increase, and it was within the court's discretion. *See Lojares v. Silva*, 353 So. 3d 699, 700 (Fla. 1st DCA 2023) ("We review an order on timesharing for an abuse of discretion.") (quoting *Jennings v. Fredes*, 327 So. 3d 906, 909 (Fla. 1st DCA 2021)). The record reflects that the parties attempted several timesharing schedules in the time after they separated and began living in separate residences, which occurred when the child was approximately a year old. One of these arrangements was a "2-2-3" schedule, which generally equates to an equal timesharing schedule. However, the trial court made certain written findings as to why the child's interests were best served by having additional timesharing with the Mother in this initial timesharing plan. Based on our review of these detailed findings in the final judgment and the record on appeal, there is substantial competent evidence supporting the trial court's ruling. *See* 61.13(2)(c)(1).

Accordingly, we reverse only on the issue of the Father's income and remand for further determination on the issue of child support. The parties may provide additional evidence for the trial court's consideration on this issue.

Reversed in part, affirmed in part, and remanded.

CASANUEVA and MORRIS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.