DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

A.A.

Appellant,

v.

M.A.

Appellee.

No. 2D2023-0676

_____

November 1, 2024

Appeal from the Circuit Court for Pasco County; Linda H. Babb, Judge.

Megan Powell and Kristin M. Rhodus of Rhodus Law Firm, PLLC, St. Petersburg (withdrew after briefing), for Appellant.

A.A., pro se.

Sarah Baker Sultenfuss of Sarah Baker Sultenfuss, P.A., Dade City, for Appellee.

NORTHCUTT, Judge.

A.A. appeals the judgment dissolving her marriage to M.A.  Of her several complaints, we find merit only in her assertion that the circuit court should not have imputed a $100,000 annual income to her for purposes of calculating child support.  We reverse on that issue only.

Under section 61.30(2)(b), Florida Statutes (2021), a court must impute income to an unemployed or underemployed parent "if such

unemployment or underemployment is found by the court to be voluntary on that parent's part, absent a finding of fact by the court of physical or mental incapacity or other circumstances over which the parent has no control." § 61.30(2)(b). If the court determines that the parent is voluntarily unemployed or underemployed, "the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community if such information is available." *Id.*

Thus, imputing income involves a two-step analysis: "(1) the determination of whether the parent's underemployment was voluntary, and (2) if so, the calculation of imputed income." *Cash v. Cash*, 122 So. 3d 430, 434 (Fla. 2d DCA 2013) (quoting *Bator v. Osborne*, 983 So. 2d 1198, 1200 (Fla. 2d DCA 2008)). The parent asserting that income should be imputed to the other parent bears the burden of proof. *Gillespie v. Minning*, 330 So. 3d 981, 983 (Fla. 2d DCA 2021). "A trial court's imputation of income must be supported by competent, substantial evidence." *Id.* (quoting *Tutt v. Hudson*, 299 So. 3d 568, 570 (Fla. 2d DCA 2020)). Imputing income is error where there is insufficient evidence to support a finding that the parent is voluntarily underemployed. *Back v. Back*, 197 So. 3d 132, 134 (Fla. 2d DCA 2016).

Here, the record on these subjects is scant, owing largely to M.A.'s erratic and uncooperative behavior. Prior to the filing of the divorce case, the parties and their children were the subject of a dependency proceeding brought by the Florida Department of Children and Families and overseen by the same judge who presided over the dissolution proceeding. In a January 2021 dependency order terminating the department's protective services supervision and jurisdiction, the court

2

placed the parties' children with their father. A.A. was permitted to visit them only one hour per week, supervised at a visitation center. In the dissolution case, the court attached the dependency order as an exhibit to its final judgment. The order included the following pertinent findings:

> 6. The Court was advised through status review from case management that the mother began [treatment in] an inpatient facility on January 9, 2021.
>
> 7. The Court finds that the mother is not available for reunification. The mother has had two arrests since October 2020 and the mother is unable to parent the children as she is unable to take care of herself due to her level of alcoholism. The Court further finds that the mother needs to take care of herself.

A.A. misbehaved throughout the dissolution proceeding. She failed to give financial discovery, and she did not appear for court-ordered mediation or for a number of hearings. Ultimately, the court struck her pleadings. She appeared pro se at the final hearing, during which she was obstructive and combative. When the court ordered a brief recess at the end of M.A.'s case, A.A. left without a word and did not return.

The only evidence bearing on the imputation issue was M.A.'s testimony that in the spring of 2019, nearly four years prior to the final hearing, A.A. had taken a job as a project manager in Charlotte, North Carolina, at an annual salary of $110,000. She had remained in the job for only four months before returning to Tampa. M.A. did not know whether she had quit the job or had been fired, and he knew nothing of her employment in the years since then.

For several reasons, this evidence was insufficient to support the imputation of income to A.A.. For one thing, the evidence regarding the 2019 position was outdated. *See Bator*, 983 So. 2d at 1201 ("We

3

acknowledge that outdated information may not be taken into consideration in calculating imputed income."); *Wendel v. Wendel*, 852 So. 2d 277, 284 (Fla. 2d DCA 2003) ("It is error for a trial court to use outdated income figures when determining what level of income to impute to a parent."). Evidence of previous earnings as recent as a year prior can be considered outdated. *See Gillespie*, 330 So. 3d at 983 (reversing imputation of income where imputed salary was based on work history from a year prior to the hearing and from another state).

Further, there was no evidence presented that A.A. left the 2019 position voluntarily or that she otherwise was voluntarily unemployed or underemployed for purposes of the statute. To the contrary, the evidence was consistent with the dependency court's finding that A.A.'s alcoholism was so severe that she was unable to care for herself or parent her children or even to visit them without supervision. In other words, the evidence strongly suggested that A.A.'s underemployment was due to "physical or mental incapacity or other circumstances over which [she had] no control." § 61.30(2)(b); *see also Brown v. Cannady-Brown*, 954 So. 2d 1206, 1209–210 (Fla. 4th DCA 2007) (trial court improperly found that father's underemployment was voluntary after he had been terminated from his employment as a commercial airline pilot due to a positive drug test and was thereafter unemployable as an airline pilot); *Haas v. Haas*, 552 So. 2d 252, 254 (Fla. 4th DCA 1989) (former husband's loss of hospital privileges due to his alcoholism constituted sufficient involuntary change of circumstances warranting reduction of alimony); *Barry v. Barry*, 511 So. 2d 649, 650 (Fla. 4th DCA 1987) ("Alcoholism . . . is properly characterized as an illness . . . and a spouse's additional services to the family are not considered to be services beyond normal marital duties where they are necessitated by the

4

other spouse's illness.") (citing *Gallagher v. Gallagher*, 399 So. 2d 75, 77 (Fla. 5th DCA 1981)). At the least, the evidence failed to satisfy M.A.'s burden to show otherwise.

Finally, even if it could be found that A.A. was voluntarily underemployed, there was no evidence of her occupational qualifications or of the prevailing earnings level in the community for her type of work, as required by section 61.30(2)(b). *See Wood v. Wood*, 162 So. 3d 133, 136 (Fla. 1st DCA 2014) (in postdissolution child support modification proceeding, circuit court should not have imputed income to former wife solely because she voluntarily left her new employment after only one month; the court failed to make findings regarding the current job market, former wife's recent work history, occupational qualifications, or the prevailing earnings levels in the community). Notably, the income imputed to A.A. was based on her wages in North Carolina. But because she had since relocated to the Tampa Bay area in Florida, the court should have considered the latter to be the relevant job market. *See Gillespie*, 330 So. 3d at 983 (because former wife's relocation to Missouri from Florida indicates that "the relevant job market was Fairgrove, Missouri, . . . the trial court's inquiry should have focused on that community").

In fairness, we do not overlook that the mentioned deficiencies in the proof below were in large part attributable to A.A.'s misconduct. The statute anticipates this circumstance. When "information concerning a parent's income is unavailable, a parent fails to participate in a child support proceeding, or a parent fails to supply adequate financial information in a child support proceeding," section 61.30 provides that "income shall be automatically imputed to the parent and there is a rebuttable presumption that the parent has income equivalent to the

5

median income of year-round full-time workers as derived from current population reports or replacement reports published by the United States Bureau of the Census." § 61.30(2)(b).

We reverse the judgment insofar as it imputes income to A.A. for purposes of calculating child support. On remand, the court shall revisit whether and how much income is to be imputed to A.A. and it shall recalculate her child support obligation based only on competent, substantial evidence of her actual earnings, of her imputed income, or of current census data. The court in its discretion may take additional evidence on these matters. We note that this disposition may affect the child support arrearage for which the judgment gave M.A. a credit against his equalizing payment in the equitable distribution scheme. On remand, the court shall have wide latitude to readjust the credit and to determine how any change is to be realized. Thus, for example, and without limitation, if in the final calculation M.A. has been over credited, the court in its discretion may permit A.A. to be reimbursed by credits against future child support payments.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

KHOUZAM and ATKINSON, JJ., Concur.

—————————————————

Opinion subject to revision prior to official publication.